HINKY DINKY SUPERMARKET, INC v
DEPARTMENT OF COMMUNITY HEALTH

Docket No. 242679. Submitted February 5, 2004, at Lansing. Decided
    February 19, 2004. Approved for publication April 22, 2004, at 9:00
    A M

    The Department of Community Health terminated Hinky Dinky
    Supermarket, Inc.'s, contract as a Women, Infants, and Children
    (WIC) program vendor. On Hinky Dinky's petition for judicial
    review, the Genesee Circuit Court, Archie L. Hayman, J., reversed
    the respondent's decision, determining that the respondent's
    hearing procedures violated petitioner's procedural due process
    rights.

    The Court of Appeals *held*:

    1. The circuit court failed to follow Michigan's procedural due
    process jurisprudence because it failed to conduct the first part of
    the dual analysis—whether a liberty or property interest existed
    that the state had interfered with—and proceeded directly to
    determining whether the respondent's hearing procedures vio-
    lated procedural due process.

    2. Even assuming that the petitioner had a protected interest
    in its WIC contract, the petitioner received full procedural due
    process protection because it received timely notice and had a full
    hearing, during which it knew of and responded to the evidence.

    3. The circuit court had no authority to support its conclusions
    that the respondent's administrative proceedings did not seem to
    comport with due process. The petitioner had no "right to con-
    frontation" that required, at the administrative hearing, the
    production of the actual items that respondent's agent purchased
    with WIC coupons when checking the petitioner's compliance with
    the WIC program. The right of confrontation involves only the right
    to cross-examine witnesses, not to inspect objects. Finally, the
    "best evidence" rule did not require the respondent to produce the
    actual items. Therefore, there was no deficiency in the proceed-
    ings.

    Reversed; respondent's administrative decision reinstated.

*Law Office of Roger G. Isaac* (by *Roger G. Isaac*) for the petitioner.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Denise H. Chrysler*, Assistant Attorney General, for the respondent.

Before: SAWYER, P.J., and SAAD and BANDSTRA, JJ.

PER CURIAM. Respondent appeals by leave granted from the circuit court's order reversing respondent's administrative decision terminating petitioner's contract as a Women, Infants, and Children (WIC) program vendor and disqualifying petitioner from WIC participation for three years. We reverse and reinstate respondent's decision.

Respondent argues that the circuit court reversed respondent's decision on the basis of an erroneous due process analysis. We review a circuit court's decision on an administrative appeal to "determine whether the lower court applied the correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Boyd v Civil Service Comm*, 220 Mich App 226, 234; 559 NW2d 342 (1996). In other words, we review the circuit court's conclusions of law de novo and its findings of fact for clear error. *Boyd*, *supra* at 234, *In re Hawley*, 238 Mich App 509, 511; 606 NW2d 50 (1999).

We find the circuit court's decision erroneous for two reasons. First, the court ruled that respondent violated petitioner's due process rights without analyzing whether petitioner had a constitutionally protected interest in the WIC contract.

The United States and Michigan constitutions preclude the government from depriving a person of life, liberty, or property without due process of law. US

Const, Am XIV; Const 1963, art 1, § 17. "A procedural due process analysis requires a dual inquiry: (1) whether a liberty or property interest exists which the state has interfered with, and (2) whether the procedures attendant upon the deprivation were constitutionally sufficient." *Jordan v Jarvis*, 200 Mich App 445, 448; 505 NW2d 279 (1993).

The court omitted the first part of this dual inquiry and moved immediately to an analysis of respondent's procedures. In so doing, the court failed to follow Michigan's procedural due process jurisprudence. But we need not address this error because even assuming that it had a protected interest in the contract, petitioner received full constitutional protection.

This Court has explained the nature of "constitutionally sufficient" procedure as follows:

> Due process in civil cases generally requires notice of the nature of the proceedings, an opportunity to be heard in a meaningful time and manner, and an impartial decisionmaker. The opportunity to be heard does not mean a full trial-like proceeding, but it does require a hearing to allow a party the chance to know and respond to the evidence. [*Cummings v Wayne Co*, 210 Mich App 249, 253; 533 NW2d 13 (1995) (citation omitted).]

In accord with these requirements, petitioner received timely notice and a full hearing, during which it responded to the evidence against it. So there were no legally cognizable deficiencies in the proceedings. Nevertheless, the circuit court ruled that the administrative proceedings did "not seem to comport with due process."

The court cited no authority for its conclusions, and we are unable to find authority supporting them. Petitioner has no "right to confrontation" that would require admission of the actual items that respondent's

agent obtained with WIC coupons. The Confrontation Clause does not apply to civil proceedings. *In re Brock*, 442 Mich 101, 108; 499 NW2d 752 (1993). In addition, the concept of "confrontation" itself is inapplicable because it involves the right to cross-examine witnesses, not the right to inspect objects. If petitioner had a right to confrontation, its cross-examination of respondent's agent at the hearing was all that right would afford. Moreover, petitioner's contract with respondent states that respondent will donate items bought when checking for compliance with the WIC program. So the absence of the actual items from the hearing could not have caused a "confrontation" problem, as the court believed.

Furthermore, there is no form of the "best evidence" rule that would require respondent to produce the disputed items. In *Steinberg v Ford Motor Co*, 72 Mich App 520, 528; 250 NW2d 115 (1976), we held that "[t]he so-called best evidence rule, for very good reasons, has been limited in its application to documentary evidence." Because there is no rule requiring it and no violation of petitioner's rights, we conclude that the absence of the actual items did not create a deficiency in the proceedings.

As a result, we hold that the circuit court erred in reversing respondent's administrative decision. Even if petitioner had a constitutionally protected property interest in the WIC contract, it received timely notice, a hearing, and an opportunity to respond to the evidence against it. This is all the federal and state constitutions require. Also, the absence of the actual items had no legal effect on the hearing or on petitioner's rights. We therefore reverse the circuit court's order and reinstate respondent's administrative decision.