# STATE OF MICHIGAN

# COURT OF APPEALS

GALIEN TOWNSHIP SCHOOL DISTRICT and
DELTON-KELLOGG SCHOOLS,

       Plaintiffs-Appellees,

v

DEPARTMENT OF EDUCATION and
SUPERINTENDENT OF PUBLIC
INSTRUCTION,

       Defendants-Appellants.

FOR PUBLICATION
April 14, 2015
9:00 a.m.

No. 317739
Ingham Circuit Court
LC No. 13-000367-AA

ON REMAND

Before: SAAD, P.J., and OWENS and K.F. KELLY, JJ.

PER CURIAM.

In lieu of granting leave to appeal our decision in *Galien Twp Sch Dist v Dep't of Ed*, 306 Mich App 410; 857 NW2d 659 (2014), the Supreme Court vacated our remand of the case to the Ingham Circuit Court for reinstatement of the Superintendent of Public Instruction's March 14, 2013 final decision and remanded the case for us "to expressly address plaintiff Galien Township School District's alternative arguments for overturning the Superintendent's decision," which we did not address during our initial review of the case. *Galien Twp Sch Dist v Dep't of Ed*, 497 Mich 951; 858 NW2d 438 (2015). Our Supreme Court denied leave to appeal in all other respects. *Id.* For the reasons discussed below, we reject Galien's alternative arguments for overturning the Superintendent's decision, and we remand this matter to the circuit court for reinstatement of the Superintendent's March 14, 2013 final decision.

Initially, we take this opportunity to correct a factual error in our previous opinion, in which we stated, "After plaintiffs admitted teacher misconduct in reporting student attendance, defendants claimed authority under the State School Aid Act (SSAA), MCL 388.1601 *et seq.*, and audited prior years' attendance records." *Galien Twp Sch Dist*, 306 Mich App at 414. While plaintiff Delton-Kellogg Schools admitted staff misconduct in altering pupil membership counts, which led to its audit, Galien was audited following an anonymous tip to the Michigan Department of Education (MDE) alleging that Galien intentionally overstated its pupil membership counts of alternative education students for September 2010 and February 2011.

-1-

Galien did not acknowledge teacher misconduct in its reporting. Contrary to Galien's assertion, however, this factual error had no bearing on our analysis of the MDE's statutory authority to conduct a retroactive audit.

We now turn to Galien's alternative arguments for overturning the Superintendent's decision. First, Galien asserts due process violations, arguing that Kathleen Weller, in her capacity as the Director of the MDE Office of Audits, failed to provide Galien with notice and an opportunity to be heard before deducting state aid, and was not an unbiased decisionmaker.

Procedural due process requirements have been extended to administrative decisions. See, e.g., *Bundo v Walled Lake*, 395 Mich 679, 688, 695-696; 238 NW2d 154 (1976); *Hinky Dinky Supermarket, Inc v Dep't of Community Health*, 261 Mich App 604, 605-606; 683 NW2d 759 (2004). As discussed by this Court in *Hinky Dinky Supermarket*,

> The United States and Michigan constitutions preclude the government from depriving a person of life, liberty, or property without due process of law. US Const, Am XIV; Const 1963, art 1, § 17. "A procedural due process analysis requires a dual inquiry: (1) whether a liberty or property interest exists which the state has interfered with, and (2) whether the procedures attendant upon the deprivation were constitutionally sufficient." *Jordan v Jarvis*, 200 Mich App 445, 448, 505 NW2d 279 (1993). [*Hinky Dinky Supermarket*, 261 Mich App at 605-606.]

Thus, procedural due process requirements apply only if there is a liberty or property interest at stake. *Id.* at 606. See also *Livonia v Dep't of Social Servs*, 423 Mich 466, 507; 378 NW2d 402 (1985). MCL 388.1613 directs the MDE to pay school districts the apportioned state aid upon submission of certified and audited attendance data in accordance with MCL 388.1701. Although state aid is conditioned upon these eligibility requirements, a school district can reasonably assume that once the requirements are met, there is a great likelihood that they will receive the apportioned state aid each year, thereby creating a property interest. See *Bundo*, 395 Mich at 693, 695 (finding that "[a] holder of a liquor license in Michigan can reasonably assume . . . that there was a great likelihood that his license would be renewed" each year, thereby creating a property interest and entitling him to procedural due process protections). Indeed, history would seem to indicate that, upon submission of certified and audited attendance data, school districts legitimately rely on the apportioned state aid in determining their yearly budgets. See *id.* at 690, 693 (discussing *Perry v Sindermann*, 408 US 593; 92 S Ct 2694; 33 L Ed 570 (1972), and noting that the United States Supreme Court found that the teachers in *Sindermann* had a property interest in re-employment because a quasi-tenure system had been created in practice on which the teachers had legitimately relied).

In this case, the parties stipulated to certain facts, which included the fact that Galien submitted certified attendance data for the years in issue, and following an audit by the Berrien Regional Education Service Agency (Berrien RESA), the MDE appropriated funds to Galien. Therefore, because Galien met the eligibility requirements for the years in issue and received the apportioned state aid, it is reasonable to assume that it legitimately relied on this state aid, thereby creating a property interest. Thus, the question turns on whether Galien received constitutionally sufficient procedures. Galien contends it did not.

What constitutes "constitutionally sufficient" procedures has been defined by this Court as "notice of the nature of the proceedings, an opportunity to be heard in a meaningful time and manner, and an impartial decisionmaker. The opportunity to be heard does not mean a full trial-like proceeding, but it does require a hearing to allow a party the chance to know and respond to the evidence." *Cummings v Wayne Co*, 210 Mich App 249, 253; 533 NW2d 13 (1995) (internal citation omitted). See also *Hinky Dinky Supermarket*, 261 Mich App at 606. Galien specifically contends that it did not receive notice of the charges brought against it by the anonymous tipster and that Weller accepted those charges as true in deducting Galien's state aid without first providing Galien an opportunity to rebut those charges.

First, as the Superintendent determined, there were no "charges" in this case. Rather, the MDE took "reasonable action" and ordered Berrien RESA to conduct a field audit after it received a seemingly reliable anonymous tip alleging that Galien had intentionally overstated its pupil membership counts. The anonymous tip appeared to be premised on firsthand knowledge as it specifically identified students that should not have been included in Galien's September 2010 and February 2011 pupil membership counts. Galien was unable to provide the auditor with contemporaneously signed attendance records to support its claimed pupil membership counts for those periods, which led to additional audits for the 2008 to 2009 and 2009 to 2010 pupil membership counts and to the subsequent FTE deductions.

Further, Galien's contention that Weller accepted the allegations in the anonymous tip as true in deducting state aid is refuted by the fact that Weller first ordered a field audit. Had Weller simply accepted the allegations as true, she could have forgone the initial field audit and deducted the FTEs. The FTE deductions did not result from the allegations of the anonymous tipster but rather from Galien's inability to provide contemporaneously signed attendance records to support its claimed pupil membership counts. Although Galien might not have been aware of the specifics of the anonymous tip, initially, there is no indication that it lacked notice of the audits.

Galien also asserts as part of its due process argument, that it was never permitted to confront the anonymous tipster, who it claims was an adverse material witness. However, this argument is without merit, as "[t]he Confrontation Clause does not apply to civil proceedings." *Hinky Dinky Supermarket*, 261 Mich App at 607, citing *In re Brock*, 442 Mich 101, 108; 499 NW2d 752 (1993).

Galien further contends that it was denied procedural due process because Weller was not an unbiased decisionmaker. Due process requires an impartial decisionmaker. *Hinky Dinky Supermarket*, 261 Mich App at 606; *Cummings*, 210 Mich App at 253. However, a showing of actual bias is not required. *Livonia*, 423 Mich at 509. Rather, "If the situation is one in which 'experience teaches that the probability of actual bias on the part of a decisionmaker is too high to be constitutionally tolerable,' the decisionmaker must be disqualified." *Id.*, quoting *Withrow v Larkin*, 421 US 35, 47; 95 S Ct 1456; 43 L Ed 2d 712 (1975). Although Galien does not expound on its argument, it appears to assert that Weller was biased because she served as the investigator, prosecutor, and decisionmaker. Our Supreme Court has recognized that a risk of bias may be presented where the decisionmaker "might have prejudiced the case because of prior participation as an accuser, investigator, fact finder or initial decisionmaker." *Crampton v*

*Michigan Dep't of State*, 395 Mich 347, 351; 235 NW2d 352 (1975) (citation omitted). See also *Livonia*, 423 Mich at 509.

Weller was not the initial investigator or fact finder, as she did not personally conduct the audits. Rather, it was Sonya Schultz with the Berrien RESA. Weller acted on a seemingly reliable tip when ordering Schultz to conduct the initial field audit for the September 2010 and February 2011 pupil membership counts. When Galien could not produce the contemporaneously signed attendance records for those counts, Weller ordered Schultz to conduct an audit of the 2008 to 2009 and 2009 to 2010 pupil membership counts. During her audits, Schultz determined that a significant number of FTEs should be deducted. However, in her first level review, Weller actually reinstated some of the FTEs deducted by Schultz. Additionally, Weller did not preside as the factfinder or decisionmaker during the review hearing with the Superintendent.

In sum, we conclude that Galien was not denied procedural due process. Any alleged deficiencies occurring during the first level of review would have been cured on appeal to the Superintendent, where Galien was fully apprised of the details of the anonymous tip and the nature of the challenges to its claimed pupil membership counts and was given an ample opportunity to present its arguments and supporting documentation. See *Livonia*, 423 Mich at 505 (noting that "this Court must determine whether the parties had adequate notice, opportunity to be heard, and review of an adverse decision").

For its other alternative argument, Galien argues that the Superintendent's refusal to consider electronic attendance records violated the best evidence requirement of MCL 388.1614. We review a decision of an administrative agency to determine " 'whether the decision was contrary to law, was supported by competent, material, and substantial evidence on the whole record, was arbitrary or capricious, was clearly an abuse of discretion, or was otherwise affected by a substantial and material error of law.' " *Mackey v Dep't of Human Servs*, 289 Mich App 688, 696-697; 808 NW2d 484 (2010), quoting *Dignan v Mich Pub Sch Employees Retirement Bd*, 253 Mich App 571, 576; 659 NW2d 629 (2002). MCL 388.1614 provides,

> If the data from an intermediate district or district upon which a statement of the amount to be disbursed or paid are determined to be defective or incomplete, making it impracticable to ascertain the apportionment to be disbursed or paid, the department shall withhold the amount of the apportionment that cannot be ascertained until the department is able to ascertain by the best evidence available the facts upon which the ratio and amount of the apportionment depend, and then shall make the apportionment accordingly.

The Berrien RESA produced the proffered electronic records at the end of each school year. The Superintendent noted that "[t]he records were not created on the attendance days in question, they were not signed by the teachers, and the data upon which they were based was not proven and could have been altered between the attendance dates in question and their creation." Acknowledging that electronic records could be considered if they were "sufficiently reliable," the Superintendent determined that the proffered electronic records "were inherently unreliable" due to the "delay in creation . . . and the opportunities for alteration of data at the district level prior to their creation at Berrien RESA." Therefore, the Superintendent concluded that the lack

of reliability precluded the proffered electronic records from being considered the best evidence available.

We conclude that the Superintendent did not err in determining that the electronic attendance records provided by Galien were not best evidence available. Our Supreme Court has recognized that the common purpose of exclusionary rules, such as the best evidence rule, is "the elucidation of the truth, a purpose which these rules seek to effect by operating to exclude evidence which is unreliable or which is calculated to prejudice or mislead." *Howe v Detroit Free Press, Inc*, 440 Mich 203, 210; 487 NW2d 374 (1992), quoting McCormick, Evidence (3d ed), § 72, pp 170-171.

In this case, the electronic records proffered by Galien were not authenticated and were not contemporaneous with the events they purported to evidence, which calls into question their reliability. Further, the Superintendent's refusal to consider the proffered electronic records did not preclude Galien from substantiating its claimed pupil membership counts. Galien was able to provide other documentation, including disciplinary records, report cards, scholastic records, food service records, course work, course records, and transcripts. The Superintendent concluded that the verifiability of these records and the contemporaneous nature of their creation rendered them the best evidence available. Based on the questionable nature of the electronic records, as explained by the Superintendent, Galien has not demonstrated that the proffered electronic records were the best evidence available or that the alternative records submitted by Galien were not an appropriate substitute.

Accordingly, we reject Galien's alternative arguments for overturning the Superintendent's decision, and we remand this matter to the circuit court for reinstatement of the Superintendent's March 14, 2013 final decision.

/s/ Henry William Saad
/s/ Donald S. Owens
/s/ Kirsten Frank Kelly