# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Estate of KEYES.

| | |
|---|---|
| DEPARTMENT OF COMMUNITY HEALTH, | FOR PUBLICATION<br>April 16, 2015<br>9:05 a.m. |
| Appellant, | |
| v | No. 320420 |
| | Bay Probate Court |
| ESTATE OF ESTHER KEYES, | LC No. 13-049103-CZ |
| Appellee. | |

Before: O'CONNELL, P.J., and FORT HOOD and GADOLA, JJ.

O'CONNELL, P.J.

The Department of Community Health (the Department) appeals as of right the trial court's order granting summary disposition to the estate of Esther Keyes under MCR 2.116(C)(10). The Department sought estate recovery under Michigan's Medicaid estate recovery program, MCL 400.112g *et seq* (the Act). The trial court ruled that the estate did not receive sufficient statutory notice under the Act and estate recovery would violate the estate's due process rights. Because we conclude that the Department provided the estate with timely notice when the estate sought Medicaid benefits in May 2012, we reverse and remand.

## I. FACTS AND PROCEDURAL HISTORY

In 2007, our Legislature amended the Michigan Social Welfare Act. 2007 PA 74. This amendment required the Department to establish a Medicaid estate recovery program, which would not be implemented until approved by the federal government. See MCL 400.112g(2) and (5). The federal government did not approve Michigan's program until July 2011.

-1-

Esther Keyes was admitted to a nursing home in April 2010 and began receiving Medicaid[1] benefits.  In May 2012, Robert Keyes filled out a Medicaid application form and acknowledged that the estate was subject to Medicaid recovery:

> I understand that upon my death the Michigan Department of Community Health has the legal right to seek recovery from my estate for services paid by Medicaid. MDCH will not make a claim against the estate while there is a legal surviving spouse or a legal surviving child who is under the age of 21, blind, or disabled living in the home.  An estate consists of real and personal property.  Estate Recovery only applies to certain Medicaid recipients who received Medicaid services after the implementation date of the program. . . .

Esther Keyes died in January 2013 and the Department sought recovery against her estate.  When the estate disallowed the expense, the Department filed suit against the estate, seeking to recover about $110,000.

The estate moved for summary disposition under MCR 2.116(C)(10), contending that the Department could not recover because the Department did not notify Esther Keyes of the possibility of estate recovery when she enrolled in Medicaid.  The trial court determined that the Department had failed to notify recipients "at the time of enrollment," as the Act required.  It also determined that this failure violated the estate's due process rights.  It therefore granted summary disposition in favor of the estate.

## II.  STANDARDS OF REVIEW

This Court reviews de novo issues of due process and the trial court's decision on a motion for summary disposition.  *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 277; 831 NW2d 204 (2013).  A party is entitled to summary disposition under MCR 2.116(C)(10) when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law."

This Court reviews de novo issues of statutory interpretation.  *State ex rel Gurganus v CVS Caremark Corp*, 496 Mich 45, 57; 852 NW2d 103 (2014).  "The goal of statutory interpretation is to give effect to the Legislature's intent, focusing first on the statute's plain language."  *Id*. at 59 (quotation marks and citation omitted).  This Court examines statutes as a whole.  *Id*.  When interpreting a word or phrase, we consider its context and purpose in the statutory scheme.  *Id*. at 61.

## III.  TIMING OF THE STATUTORY NOTICE

---

[1] Medicaid is a federal program that provides medical assistance to low-income individuals.  See 42 USC 1396 *et seq*.

The Act only applies to Medicaid recipients who began receiving benefits after September 30, 2007. MCL 400.112k. It contains two provisions concerning notice, and their context and interaction is particularly pertinent to the resolution of this case:

> (3) The department of community health shall seek appropriate changes to the Michigan medicaid state plan and shall apply for any necessary waivers and approvals from the federal centers for medicare and medicaid services to implement the Michigan medicaid estate recovery program. The department of community health shall seek approval from the federal centers for medicare and medicaid regarding all of the following:

> (a) Which medical services are subject to estate recovery under section 1917(b)(1)(B)(i) and (ii) of title XIX.

> (b) Which recipients of medical assistance are subject to estate recovery under section 1917(a) and (b) of title XIX.

> (c) Under what circumstances the program shall pursue recovery from the estates of spouses of recipients of medical assistance who are subject to estate recovery under section 1917(b)(2) of title XIX.

> (d) What actions may be taken to obtain funds from the estates of recipients subject to recovery under section 1917 of title XIX, including notice and hearing procedures that may be pursued to contest actions taken under the Michigan medicaid estate recovery program.

> (e) Under what circumstances the estates of medical assistance recipients will be exempt from the Michigan medicaid estate recovery program because of a hardship. *At the time an individual enrolls in medicaid for long-term care services, the department of community health shall provide to the individual written materials explaining the process for applying for a waiver from estate recovery due to hardship.* The department of community health shall develop a definition of hardship . . . .

> * * *

> (f) The circumstances under which the department of community health may review requests for exemptions and provide exemptions from the Michigan medicaid estate recovery program for cases that do not meet the definition of hardship developed by the department of community health.

> (g) Implementing the provisions of section 1396p(b)(3) of title XIX to ensure that the heirs of persons subject to the Michigan medicaid estate recovery program will not be unreasonably harmed by the provisions of this program.

> * * *

(7) The department of community health *shall provide written information to individuals seeking medicaid eligibility for long-term care services describing the provisions of the Michigan medicaid estate recovery program*, including, but not limited to, a statement that some or all of their estate may be recovered. [MCL 400.411g (emphasis added).]

The estate contends that 400.112g(3)(e) requires the Department to provide an estate recovery notice to individuals when they enroll in Medicaid for long-term care. The Department contends that this language is part of a subsection that requires it to seek guidance from the federal government and, because MCL 400.112g(7) does not mirror this language, the Act did not require it to notify Esther Keyes about estate recovery when she enrolled in Medicaid. After reviewing these provisions in context, we agree with the Department.

We conclude that the timing provision of MCL 400.112g(3)(e) does not apply in this case. MCL 400.112g(3)(e) provides that "[a]t the time an individual enrolls in medicaid for long-term care services, the department of community health shall provide to the individual written materials explaining the process for applying for a waiver from estate recovery due to hardship." Read in isolation, this provision appears to support the estate's position. But we may not read this provision in isolation. *Gurganus*, 496 Mich at 61.

Subsection (3)(e) is part of the larger Subsection (3), which requires the Department to seek approval from the federal government regarding the items listed in the subdivisions. In this case, the estate does not assert that the Department failed to seek approval from the federal government concerning the estate recovery notice. Rather, the estate asserts that it did not personally receive a timely notice.

The Act contains a second provision concerning notice, and this provision has different language. MCL 400.112g(7) provides that "[t]he department of community health shall provide written information to individuals seeking medicaid eligibility for long-term care services describing the provisions of the Michigan medicaid estate recovery program, . . ." When the Legislature includes language in one part of a statute that it omits in another, this Court presumes that such an omission was intentional. *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 103; 693 NW2d 170 (2005). Subsection (7) applies to the estate's case because the estate alleges that Esther Keyes did not receive sufficient notice of estate recovery. Subsection (7)'s language is similar to that in Subsection (3)(e), but there is one major difference—timing. Subsection (3)(e) states "at the time an individual enrolls in medicaid," while Subsection (7) states that the Department must provide a notice when an individual "seek[s] medicaid eligibility[.]" We presume the Legislature's decision not to use the word "enrollment" in Subsection (7) was intentional.

In this case, the distinction between enrolling in Medicaid and seeking Medicaid eligibility is determinative. Esther Keyes enrolled in Medicaid in April 2010, which is after September 30, 2007. She did not receive notice of estate recovery because the federal government had not approved a notice pursuant to Subsection (3)(e). In May 2012, Robert Keyes filled a "MEDICAID APPLICATION Patient of Nursing Facility" form on Esther's behalf. This form included a notice about estate recovery. Her previous enrollment did not change the fact that Robert Keyes sought medicaid eligibility on her behalf by filling out an

application in 2012. And, as part of that application, the Department did provide written materials explaining and describing estate recovery and warning that some of Esther's estate could be subject to estate recovery.

We conclude that the trial court erred because the Department sufficiently notified Esther that her estate could be subject to estate recovery. MCL 400.112g(7) allows the Department to engage in estate recovery when the individual has *sought* Medicaid benefits after being provided with a notice regarding estate recovery. In this case, Robert Keyes sought Medicaid benefits on Esther's behalf in 2012, after the Department provided him with a proper notice regarding estate recovery. MCL 400.112g(3)(e) did not require the Department to provide this notice when Esther enrolled in Medicaid.

## IV. DUE PROCESS

The Department contends that the trial court erred when it determined that allowing estate recovery in this case would violate the estate's due process rights. We agree.

The Fourteenth Amendment to the United States Constitution and Article I, § 17 of the Michigan Constitution provide that the state shall not deprive a person of life, liberty, or property without due process of law. *Elba Twp*, 493 Mich at 288. Where a protected property interest is at stake, due process generally requires notice and an opportunity to be heard. *Hinky Dinky Supermarket, Inc v Dep't of Community Health*, 261 Mich App 604, 606; 683 NW2d 759 (2004). Due process is a flexible concept and different situations may demand different procedural protections. *Mathews v Eldridge*, 424 US 319, 334; 96 S Ct 893; 47 L Ed 2d 18 (1976). The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Id*. at 333. The question is whether the government provided "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Petition by Wayne Co Treas*, 478 Mich 1, 9; 732 NW2d 458 (2007) (quotation marks and citation omitted).

In this case, the trial court determined that applying the Medicaid recovery act would violate Esther Keyes's right to due process because she did not receive notice of estate recovery at the time that she enrolled, as required by MCL 400.112g. However, we have already determined that MCL 400.112g does not require notice at the time of enrollment. Further, the trial court's decision improperly conflated statutory notice issues with the notice issues involved in due process. In this case, the estate was personally apprised of the Department's action seeking estate recovery, and it had the opportunity to contest the possible deprivation of its property in the circuit court. It received both notice and a hearing, which is what due process requires. See *Hinky Dinky Supermarket, Inc*, 261 Mich App at 606.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. Because the appeal involved an issue of public concern, no costs. MCR 7.219.

/s/ Peter D. O'Connell
/s/ Karen M. Fort Hood
/s/ Michael F. Gadola

-5-