# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BAYS, Minor.

UNPUBLISHED
April 28, 2016

No. 329304
Kalamazoo Circuit Court
Family Division
LC No. 2015-000093-NA

Before: SAWYER, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent mother appeals as of right the trial court order terminating her parental rights to the minor child under MCL 712A.19b(3)(a)(*ii*) (parent deserts child for 91 or more days), (g) (failure to provide proper care and custody), (i) (parent's rights terminated to child's siblings due to serious and chronic neglect), (j) (child will be harmed if returned to parent), and (*l*) (parent's rights to another child were terminated). We affirm.

Respondent argues that she had a fundamental due process right to notice that was violated when the trial court terminated her parental rights under MCL 712A.19b(3)(a)(*ii*) because she was provided no notice that her rights could be terminated under that ground. Because this issue is unpreserved, it is reviewed for plain error affecting substantial rights. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008), citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Utrera*, 281 Mich App at 9, citing *Carines*, 460 Mich at 763.

Due process requires notice of the nature of the proceedings. *Hinky Dinky Supermarket, Inc v Dep't of Community Health*, 261 Mich App 604, 606; 683 NW2d 759 (2004). Here, the only petition in this case listed MCL 712A.19b(3)(i) and (j) as the statutory grounds for termination. The trial court ultimately found statutory grounds for termination under MCL 712A.19b(3)(a)(*ii*), (g), (i), (j), and (*l*).

Assuming plain error in regard to the trial court's finding of a statutory ground for termination under MCL 712A.19b(3)(a)(*ii*) without respondent's having notice of that ground, respondent fails to show prejudice. To terminate parental rights, a trial court must find the existence of a statutory ground for termination in MCL 712A.19b has been met by clear and convincing evidence. *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991). Only one statutory ground for termination must be established. *In re Trejo Minors*, 462 Mich 341, 360;

-1-

612 NW2d 407 (2000). Here, in addition to MCL 712A.19b(3)(a)(*ii*), the trial court also found statutory grounds under MCL 712A.19b(3)(g), (i), (j), and (*l*). Respondent does not challenge or acknowledge these four additional statutory grounds on appeal. Of those four additional statutory grounds, both MCL 712A.19b(3)(i) and (j) were specifically listed in the March 6, 2015 petition, and are thus not susceptible to respondent's notice argument.

Further, reviewing only one of the other grounds of which termination was ordered, we conclude that the trial court did not clearly err in finding a statutory ground under MCL 712A.19b(3)(j). MCL 712A.19b(3)(j) provides that a parent's rights may be terminated where "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." Here, respondent had a history of substance abuse and she had a history of failing to address those issues despite two prior terminations. A trial court may rely on a parent's history in determining that there was a reasonable likelihood that a child would be harmed if returned to the parent's home. *In re Archer*, 277 Mich App 71, 75-76; 744 NW2d 1 (2007). Moreover, MCL 712A.19b(3)(j) considers both the risk of physical and also emotional harm to a child. See *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011). Given respondent's history of substance abuse, there was clear and convincing evidence of a reasonable likelihood that the minor child would be emotionally harmed if he were returned to respondent's home. The trial court did not clearly err in finding clear and convincing evidence of a statutory ground for termination under MCL 712A.19b(3)(j). MCR 3.977(K); *Trejo Minors*, 462 Mich at 356-357.

Because only one statutory ground for termination must be established, *Trejo Minors*, 462 Mich at 360, and the trial court did not clearly err in finding clear and convincing evidence of a statutory ground for termination under MCL 712A.19b(3)(j), any error regarding MCL 712A.19b(3)(a)(*ii*) did not prejudice respondent by affecting the outcome of respondent's termination hearing. Respondent has not demonstrated plain error affecting substantial rights as necessary for reversal. *Utrera*, 281 Mich App at 8.

Finally, while not raised as an issue by respondent, respondent's history of failing to address substance abuse, the minor child's lack of a bond with respondent, and the advantages of the child's foster home each weighed in favor of finding that termination was in the child's best interests. *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012); *In re Jones*, 286 Mich App 126, 131; 777 NW2d 728 (2009). The trial court did not clearly err in finding that termination of respondent's parental rights was in the minor child's best interests. MCR 3.977(K); *Trejo Minors*, 462 Mich at 356-357.

Affirmed.

/s/ David H. Sawyer
/s/ William B. Murphy
/s/ Amy Ronayne Krause

-2-