# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* LAMARCHE ESTATE.

---

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

UNPUBLISHED
September 22, 2016

Appellee,

v

No. 327428
Delta Probate Court
LC No. 14-021537-CZ

MARGARET MILKEWICZ, Personal
Representative of the Estate of ANGELINE
LAMARCHE,

Appellant.

---

Before: JANSEN, P.J., and K. F. KELLY and O'BRIEN, JJ.

PER CURIAM.

Margaret Milkewicz, as Personal Representative of the Estate of Angeline LaMarche (the estate), appeals as of right the probate court's May 4, 2015 order granting summary disposition to plaintiff, the Department of Health and Human Services (DHHS), pursuant to MCR 2.116(C)(4) and (C)(10).

Prior to her death in January 2014, Angeline LaMarche received $107,310.76 in Medicaid benefits. After she passed away, DHHS pursued recovery in that amount against the estate. The estate objected, asserting that a portion, but not all, of that amount was unrecoverable based on a lack of notice. Specifically, LaMarche first received notice of the potential for estate recovery in July 2012, approximately one year after she applied for and first received Medicaid benefits. In light of the estate's objection, DHHS filed this lawsuit and eventually moved for summary disposition pursuant to MCR 2.116(C)(4) and (C)(10), arguing, in part, that LaMarche received adequate notice. Specifically, DHHS argued that because LaMarche received notice of the potential for estate recovery in July 2012 and again in August 2013, the entire amount of Medicaid benefits that were received—including those that were received before July 2012— were recoverable. The estate readily admitted that the amount of benefits received after July 2012, $67,869.54, was recoverable. It argued, however, that the remaining amount, $39,441.22, was not recoverable based on a lack of notice. Specifically, the estate argued that allowing DHHS to recover for Medicaid benefits that were received prior to the July 2012 notice violated

-1-

constitutional and statutory protections. The probate court, relying solely on this Court's opinion in *In re Keyes Estate*, 310 Mich App 266; 871 NW2d 388 (2015), lv den 498 Mich 968 (2016), granted summary disposition in DHHS's favor. Specifically, the probate court concluded that *Keyes* was "dispositive of all issues" raised in this case.

On appeal, the estate again argues that allowing DHHS to recover for Medicaid benefits that were received prior to the July 2012 notice violated constitutional and statutory protections. Specifically, the estate argues that allowing DHHS to recover for Medicaid benefits in circumstances such as this violate an individual's constitutional right to due process and MCL 400.112(G)(7). We disagree.

As the probate court correctly concluded, *Keyes* is dispositive of the issues raised in this case. In that case, Esther Keyes received Medicaid benefits from April 2010 until her death in January 2013. *Keyes*, 310 Mich App at 268-269. It was undisputed, however, that Keyes was not provided notice of the potential for estate recovery until May 2012, more than two years after Medicaid benefits were first received. *Id*. at 269. The Department subsequently sought recovery in the amount of benefits received, "about $110,000," during that entire time period. *Id*. The estate objected, arguing that a portion of that amount was unrecoverable based on inadequate notice. *Id*. Specifically, the estate argued that allowing DHHS to recover for Medicaid benefits that were received prior to the May 2012 notice violated constitutional and statutory protections. *Id*. The probate court agreed with the estate, but this Court reversed and remanded. *Id*. at 275. This Court expressly "conclude[d] that the trial court erred because the Department sufficiently notified Esther that her estate could be subject to estate recovery." *Id*. at 273. This Court also expressly rejected the estate's constitutional arguments: "[T]he estate was personally apprised of the Department's action seeking estate recovery, and it had the opportunity to contest the possible deprivation of its property in the probate court. It received both notice and a hearing, which is what due process requires." *Id*. at 275. Thus, as the probate court correctly concluded, *Keyes* is dispositive of the issues raised in this case, and we are bound by *Keyes*. Indeed, the estate expressly admits that "the *Keyes* decision is dispositive of the issues of this case" in its brief on appeal.[1] Accordingly, we affirm the probate court's May 4, 2015 order granting summary disposition in DHHS's favor.

Affirmed.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Colleen A. O'Brien

---

[1] While we appreciate the estate's argument that notice is required at the time of original enrollment based on *In re Estate of Clark*, unpublished opinion per curiam of the Court of Appeals, issued May 28, 2015 (Docket No. 320720), p 9 n 7 ("What is needed at the time of enrollment is a notice that [DHHS] might attempt to recover Medicaid expenses from the recipient's estate—which [DHHS] must provide with all enrollment applications, pursuant to MCL 400.112g(7)."), we ultimately find it unpersuasive. At a fundamental level, *Keyes*, not *Clark*, is binding on this Court. MCR 7.215(J)(1).