# STATE OF MICHIGAN

# COURT OF APPEALS

DEPARTMENT OF ENVIRONMENTAL
QUALITY,

UNPUBLISHED
May 10, 2018

Plaintiff/Counter-Defendant-
Appellee,

v

No. 338497
Livingston Circuit Court
LC No. 12-026969-CE

PATRICK JAY CONELY, doing business as
SUPERIOR SANITATION,

Defendant/Counter-Plaintiff-
Appellant.

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals the trial court's order finding him in civil contempt for failure to comply with several orders. The orders were entered in plaintiff's action against him under the Natural Resources and Environmental Protection Act (NREPA), MCL 324.101 *et seq*., and required him to cease unpermitted waste operations and implement several response activities. For the reasons set forth below, we affirm.

## I. FACTS

Plaintiff, the Department of Environmental Quality (DEQ), initiated an action against defendant in July 2012, alleging several NREPA violations and public nuisance. Plaintiff alleged that defendant engaged in "illegal, unpermitted or unlicensed operations at multiple locations in Livingston County during the last 25 years" through his operation of Superior Sanitation, a waste hauling business. Plaintiff sought a permanent injunction to enjoin defendant's conduct, and to require him to engage in several remedial actions. After roughly two-and-a-half years of litigation, the trial court granted partial summary disposition in favor of plaintiff in a series of orders that required defendant to cease all unpermitted waste operations, apply for and obtain permits, implement several response activities, pay plaintiff's incurred response activity costs, and pay attorney fees in accordance with the NREPA.

Thereafter, an inspection conducted at one of defendant's waste sites in May 2015, revealed that defendant continued to engage in active operations amounting to both new and

-1-

previously raised violations of the NREPA. In October 2016, plaintiff initiated civil contempt proceedings in an ex-parte motion seeking an order for defendant to show cause. Plaintiff alleged that defendant had failed to comply with any of the conditions of the trial court's orders, and supported the allegations with an affidavit from its employee who had inspected defendant's waste sites. The court granted the motion and set the matter for a hearing. Defendant received personal service of the order on November 4, 2016.

After an unsuccessful attempt to remove the case to federal court,[1] defendant appeared *in propria persona* at the contempt hearing on November 17, 2016, which was held before a visiting judge. Defendant explained that his noncompliance was due to his company "basically" becoming defunct, lack of funds, his attorney having diabetes, and his wife having control of all his assets due to a divorce proceeding. Defendant further claimed that his son was taking over his business, that his assets were encumbered with tax liens, and that he was under financial distress. However, he did not dispute that the impermissible operations continued; rather, he asserted that he had no control over the individuals who were engaging in them.

The visiting judge found that there had been a contempt of court, noting that "it's pretty clear the operations are going on and [defendant has] the power to stop it." The court ordered defendant to complete several specifically enumerated actions by January 9, 2017. The court additionally ordered that defendant would be held in civil contempt, fined $500 per day up to the maximum of $7,500 until he complied with the court's orders, and receive a jail sentence of 30 days in the event of noncompliance by January 9, 2017.

Defendant filed a motion for reconsideration, arguing that he did not receive adequate due process in the contempt proceedings. A hearing was scheduled for January 12, 2017. Plaintiff submitted a status report to the trial court on January 11, 2017, alleging that defendant had "done absolutely nothing" to comply with the court's orders. The report included four affidavits from plaintiff's employees. The affidavits revealed that defendant continued to engage in impermissible waste operations, failed to submit a plan for responsive activities, and failed to

---

[1] On November 15, 2016, defendant, acting *in propria persona*, filed a notice of removal to the United States District Court for the Eastern District of Michigan, asserting federal jurisdiction based on both diversity of citizenship and federal question, but the federal court promptly granted plaintiff's motion to remand the case back to the circuit court. See *Dep't of Environmental Quality v Conely*, unpublished order of the United States District Court for the Eastern District of Michigan, entered November 17, 2016 (File No. 16-CV-14047), pp 2-3. The federal district court noted that, considering the timing of defendant's attempted removal and his previous attempt to remove the case to federal court, see *Dep't of Environmental Quality v Conely*, unpublished order of the United States District Court for the Eastern District of Michigan, entered September 4, 2013 (File No. 13-13673), "It thus appears that [d]efendant improperly removed this case in an effort to avoid the contempt hearing, and the [c]ourt views such gamesmanship as completely inappropriate and vexatious." *Dep't of Environmental Quality v Conely*, unpublished order of the United States District Court for the Eastern District of Michigan, entered November 17, 2016 (File No. 16-CV-14047), pp 2-3.

apply for and obtain required permits. All of these acts and omissions constituted violations of the court's order of contempt. Following the January 12, 2017 hearing, the trial court denied defendant's motion for reconsideration. On April 28, 2017, after conducting an evidentiary hearing to determine fines, fees, and damages, the trial court entered a final judgment awarding plaintiff $3,642,374.27, representing $176,042.40 in incurred response activity costs; $2,000,000 in civil fines under MCL 324.11501 *et seq.*; $1,095,000 in civil fines under MCL 324.20101 *et seq.*; $100,000 in civil fines under MCL 324.3101 *et seq.*; and $271,331.87 in attorney fees. Defendant appeals, challenging only the propriety of the civil contempt proceedings.

## II. DISCUSSION

### A. DUE PROCESS

On appeal, defendant first argues that his constitutional right to due process was violated because he did not have adequate time to prepare a defense before the show-cause hearing was held. We disagree.[2]

No person may be deprived of life, liberty, or property without due process of law. US Const, Am V; US Const, Am XIV; Const 1963, art 1, § 17. The fundamental requisite of due process is the opportunity to be heard. *Bullington v Corbell*, 293 Mich App 549, 556; 809 NW2d 657 (2011). The concept of due process is flexible, "the essence of which is to ensure fundamental fairness." *Reed v Reed*, 265 Mich App 131, 159; 693 NW2d 825 (2005). "Procedure in a particular case is constitutionally sufficient when there is notice of the nature of the proceedings and a meaningful opportunity to be heard by an impartial decision maker." *Id.*

"When any contempt is committed other than in the immediate view and presence of the court, the court may punish it by fine or imprisonment, or both, after proof of the facts charged has been made by affidavit or other method and opportunity has been given to defend." MCL 600.1711(2). In such a case, "on a proper showing on ex parte motion supported by affidavits," the court must either "(1) order the accused person to show cause, at a reasonable time specified in the order, why that person should not be punished for the alleged misconduct; or (2) issue a bench warrant for the arrest of the person." MCR 3.606(A). Civil contempt sanctions "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l*

---

[2] Defendant failed to properly preserve his due process claim on appeal. Although he first raised his due process claim in a motion for reconsideration, however, "[w]here an issue is first presented in a motion for reconsideration, it is not properly preserved." Therefore, our review is for plain error affecting substantial rights. *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). Forfeiture under the plain error rule is avoided where: "1) error must have occurred, 2) the error was plain, i.e., clear or obvious; 3) and the plain error affected substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Carines*, 460 Mich at 763.

*Union, United Mine Workers of America v Bagwell*, 512 US 821, 827; 114 S Ct 2552; 129 L Ed 2d 642 (1994). "Neither a jury trial nor proof beyond a reasonable doubt is required." *Id*.

In *In re Contempt of Robertson*, 209 Mich App 433, 438-439; 531 NW2d 763 (1995), this Court summarized the requirements applicable to civil contempt proceedings for contempt committed outside the presence of the court:

> [P]unishment for any contempt committed outside the presence of the magistrate may be imposed, as in other civil cases, only after proof of the facts charged are made by affidavit or other method and an opportunity has been given to defend. It is well established that when a contempt is committed outside the presence of the court, the law requires that the accused be advised of the charges against him, afforded a hearing regarding those charges, and given a reasonable opportunity to meet the charges by defense of explanation. These minimal due process safeguards require that an accused be given a reasonable time in which to prepare a defense to the contempt charge. . . .
>
> Contempt proceedings for contempts committed outside the immediate view and presence of the magistrate must be initiated through an ex parte motion supported by an affidavit of facts showing the alleged contemptuous conduct. The rules of evidence apply at the hearing regarding the contempt charges. The standard of proof is more stringent than in other civil actions: proof of contempt must be clear and unequivocal. [Citations omitted.]

Defendant relies on *Robertson* for the general proposition that because his alleged contempt was committed outside the presence of the court, he was entitled to a reasonable time to prepare and offer a defense. In *Robertson*, 209 Mich App at 435-436, a magistrate presiding over a workers' compensation proceeding held an expert witness in contempt for failing to appear when he was under subpoena. The court conducted a summary proceeding, "[w]ithout holding a hearing to determine the reason" for the witness's failure to appear. *Id*. at 439. This Court explained that summary proceedings were improper when the alleged contempt occurred outside of the immediate presence of the court because "[a]ll the facts necessary to find contempt were not . . . within the personal knowledge of the judge . . . ." *Id*. at 441. Rather, a hearing was required. *Id*. at 438-439.

In this case, however, defendant was afforded a show-cause hearing and had the opportunity to be heard. Plaintiff properly initiated the contempt proceedings via ex parte motion to show cause, supporting it with an affidavit, and the trial court properly scheduled a hearing for which defendant received personal service. MCL 600.1711(2); MCR 3.606(A)(1). Defendant received personal service of the order on November 4, 2016, and he filed a 50-page notice of removal to federal district court on November 15, 2016. Defendant's claim that he did not have adequate time to prepare a defense is belied by the fact that he spent most of his time preparing his in-depth notice of removal.

Defendant's assertion that he was served "only days" before the court's hearing on November 17 is misleading because he was, in fact, personally served on November 4, i.e., 13

-4-

days before the hearing to show cause. Defendant has failed to establish that he received inadequate notice to allow him to prepare a defense. Defendant was afforded almost two weeks to prepare his defense before the show-cause hearing was held. It appears that rather than defend against the contempt proceedings in the circuit court, defendant elected to pursue what he should have reasonably known to be a frivolous removal to federal district court.

Accordingly, defendant has failed to establish his claim that he was denied his constitutional right to due process of law.

## B. PRESENCE OF A VISITING JUDGE AT THE SHOW-CAUSE HEARING

We also reject defendant's argument that it was error for a visiting judge to preside over the show-cause hearing.[3] Defendant relies on *Cross Co v UAW Local No 155*, 377 Mich 202, 212; 139 NW2d 694 (1966), for the proposition that "[t]he judge who presided over the proceedings in the context of which the indirect contumacious conduct occurred should preside over the contempt proceedings." In *Cross*, the Michigan Supreme Court briefly discussed whether "there is an overriding element of public policy that would require trial of a contempt proceeding by another judge." *Id*. In holding that there is no requirement to transfer a contempt matter to a visiting judge, the Court explained:

> In some cases transfer might be appropriate, but the matter is one for the sound discretion of the judge handling the original proceeding. Can the charge of contempt be readily separated from that proceeding? To what extent is there danger the judge may find himself acting as an inquisitor rather than as an impartial judge? Will the contempt proceeding be unduly delayed by transfer? Is another judge readily available? These are a few of the questions to be weighed and considered. [*Cross*, 377 Mich at 212 (citations omitted).]

The *Cross* discussion does not support defendant's claim of error since the Court's questions there pertained to whether the lower court *should have* transferred the contempt matter. Moreover, the *Cross* Court expressly stated that the decision "is one for the sound discretion of the judge handling the original proceeding." *Cross*, 377 Mich at 212.

Defendant further contends that because no evidence was presented at the show-cause hearing, but merely argument of counsel, the visiting judge "was not the proper person to hear this Show Cause hearing" and that an evidentiary hearing was required. We disagree. MCL 600.1711(2) allows the trial court to impose contempt sanctions "after proof of the facts charged has been made by affidavit or other method and opportunity has been given to defend," i.e., "upon notice and an opportunity to be heard," *Bagwell*, 512 US at 827. Additionally, MCR

---

[3] This issue is unpreserved because defendant did not raise it in the court below. *People v Metamora Water Serv Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007) ("For an issue to be preserved for appellate review, it must be raised in the lower court."). Therefore, our review is for plain error affecting substantial rights. *Kern*, 240 Mich App at 336.

3.606(A)(1) provides the trial court with authority to "order the accused person to show cause, at a reasonable time specified in the order, why that person should not be punished for the alleged misconduct," when the contempt is committed outside of the tribunal. Defendant has therefore failed to establish that he was entitled to a formal evidentiary hearing. Nonetheless, before issuing its final judgment, the court subsequently held two hearings, including an evidentiary hearing to determine fines, attorney fees, and damages. Accordingly, defendant has failed to identify either plain error or resulting prejudice.

## C. CONFRONTATION CLAUSE

Defendant claims that his Sixth Amendment right to confrontation was violated because he did not have the opportunity to cross-examine the affiant who inspected the properties and whose testimony supported initiation of the contempt proceedings. We disagree.

The Sixth Amendment of the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses against him . . . ." US Const, Am VI. "The Confrontation Clause does not apply to civil proceedings." *Hinky Dinky Supermarket, Inc v Dep't of Community Health*, 261 Mich App 604, 607; 683 NW2d 759 (2004), citing *In re Brock*, 442 Mich 101, 108; 499 NW2d 752 (1993). With respect to the implications of a civil contempt proceeding, the United States Supreme Court has explained that, unlike criminal contempt penalties,

> civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required. [*Bagwell*, 512 US at 827.[4]]

The proceedings here are civil, not criminal. Although in some circumstances civil contempt proceedings may be appropriately characterized as criminal in nature where the sentences imposed are "in the nature of punishment for offenses committed, not to enforce the performance of an act," *Cross*, 377 Mich at 210, the possible penalties imposed here—i.e., fines and a jail sentence in the event of noncompliance by a certain date—largely concerned the enforcement of defendant's performance of several acts. Though the court's orders both forbade certain acts that defendant continued to engage in (i.e., continued waste operations), and compelled specific action that defendant did not take (i.e., implement response activities), defendant has not articulated a basis for concluding that his contempt proceedings were the equivalent of a criminal prosecution. Defendant's continued actions were indeed punished with

---

[4] See also *Santibanez v Wier McMahon & Co*, 105 F3d 234, 242 (CA 5, 1997) (Sixth Amendment considerations do not apply to a civil contempt action because the amendment only applies to criminal proceedings.). Although the opinions of lower federal courts are not binding authority, but they may be considered for their persuasive value. *Abela v Gen Motors Corp*, 469 Mich 603, 606-607; 677 NW2d 325 (2004).

contempt powers, but the discontinuance of those acts was a necessary prerequisite to the affirmative acts he was required to take because he could not begin response activities until he ceased the impermissible waste operations. Thus, the penalties were imposed to enforce the performance of action that coincidentally involved inaction.

Therefore, defendant has failed to establish that his Sixth Amendment right to witness confrontation was violated during the court's civil contempt proceedings.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien