*In re* LAGER ESTATE

Docket No. 276843. Submitted May 5, 2009, at Detroit. Decided November 3, 2009, at 9:10 a.m.

Ernest J. Lager designated his son, Eric Lager, as the primary beneficiary of his personal savings plan. He subsequently married Georgia Forbes-Lager and died intestate eight years later. Forbes-Lager, as personal representative of her husband's estate, contacted the plan administrator, which then paid the proceeds of the plan to her as the surviving spouse. Asserting that he was the primary beneficiary, Eric Lager petitioned the Genesee County Probate Court to determine the disposition of the proceeds. The court, Jennie E. Barkey, J., awarded him the proceeds, and Forbes-Lager sought delayed leave to appeal. The Court of Appeals denied leave to appeal in an unpublished order, entered October 19, 2007 (Docket No. 276843). In lieu of granting leave to appeal, the Supreme Court remanded the case to the Court of Appeals for consideration as on leave granted. 480 Mich 1133 (2008).

The Court of Appeals *held*:

1. The probate court had subject-matter jurisdiction over the estate and its assets, including the determination of what assets were not part of the estate. MCL 700.1302 gives the probate court exclusive legal and equitable jurisdiction over various matters related to decedents' estates, including questions about the validity of a will. MCL 700.1303 gives the probate court concurrent legal and equitable jurisdiction that includes jurisdiction to determine property rights or interests. Eric Lager's petition requested more than a ruling regarding the plan. It questioned the validity of Ernest Lager's marriage and requested probate of his estate, and after its ruling regarding the validity of the will, the probate court proceeded within its jurisdiction to determine the property rights in the estate's assets.

2. While the plan was subject to the provisions of the Employee Retirement Income Security Act (ERISA), which is a federal law that preempts state law causes of action related to an employee benefit plan, federal and state courts have concurrent jurisdiction over claims brought by a beneficiary to recover benefits due under a plan, to enforce rights under the terms of a plan, or to clarify rights to future benefits.

3. The probate court erred when it determined that Eric Lager was the proper beneficiary. ERISA permits participants in a pension plan to designate a beneficiary who is not the nonparticipating spouse only when the spouse agrees. Ernest Lager elected his son as his beneficiary before he married Forbes-Lager. Under 29 USC 1055(c)(2), an election of a beneficiary by an unmarried participant is ineffective following the participant's subsequent marriage if the new spouse does not consent to the election. Forbes-Lager did not consent to the election of Eric Lager as the plan beneficiary.

Reversed.

PENSIONS — PERSONAL SAVINGS PLANS — EMPLOYEE RETIREMENT INCOME SECURITY ACT — BENEFICIARIES — ELECTION OF BENEFICIARIES — SURVIVING SPOUSE'S CONSENT TO BENEFICIARY.

The election of a beneficiary by an unmarried participant in a pension plan is ineffective following the participant's subsequent marriage if the new spouse does not consent to the election (29 USC 1055[c][2]).

*John C. Lukes, P.C.* (by *John C. Lukes*), for Georgia Forbes-Lager.

*Winegarden, Haley, Lindholm & Robertson, P.L.C.* (by *L. David Lawson*), for Eric Lager.

Before: WILDER, P.J., and METER and FORT HOOD, JJ.

PER CURIAM. Appellant, Georgia Forbes-Lager, personal representative of the estate of Ernest J. Lager, deceased, appeals as on leave granted an order awarding the proceeds of Ernest's personal savings plan (PSP) to Ernest's son, appellee Eric Lager. We reverse.

I. BASIC FACTS AND PROCEDURAL HISTORY

In 1992, Ernest designated Eric as the primary beneficiary of his PSP. At that time, Ernest was unmarried. He married Georgia in 1997. Ernest died intestate

in 2005. Georgia was appointed the personal representative of his estate. She contacted the administrator of the PSP, which paid the PSP proceeds to her as the surviving spouse. Claiming that he was the designated beneficiary, Eric petitioned the probate court to determine the disposition of the proceeds. The probate court awarded them to Eric.[1]

Georgia filed a delayed application for leave to appeal the probate court's order, which this Court denied. *In re Lager Estate*, unpublished order of the Court of Appeals, entered October 19, 2007 (Docket No. 276843). Thereafter, Georgia applied for leave to appeal in the Supreme Court. In lieu of granting leave to appeal, the Supreme Court remanded the case to this Court for consideration as on leave granted of the probate court's jurisdiction and Georgia's right to the proceeds under the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC 1001 *et seq. In re Lager Estate*, 480 Mich 1133 (2008).

## II. THE PROBATE COURT'S ORDERS

The probate court entered an order distributing the estate following a bench trial. The order provided, in relevant part:

This matter having come before the Court for trial on the Petition and Amended Petition of Eric J. Lager for Determination of Spousal Status of Georgia A. Forbes, and for Removal of Georgia A. Forbes as Personal Representa-

---

[1] We do not have the benefit of the probate court file. Rather, an appeal was taken from the probate court to the circuit court, and the circuit court file was submitted on appeal. The circuit court file does not contain the probate court order dividing assets or a transcript of the bench trial that determined the validity of a copy of a will and other assets. Accordingly, the statement of facts was derived from the parties' briefs and the documents included with them.

tive, and the Petition of Eric J. Lager for Probate and/or Appointment of Personal Representative, the Court having heard all the testimony, having reviewed all of the evidence and proofs submitted during the trial, and being otherwise fully advised in the premises;

The Court finds:

IT IS HEREBY ORDERED that the marriage between the Deceased, Ernest J. Lager, and Georgia Forbes is valid and legal and any claims of Georgia A. Forbes, as surviving spouse, are not barred or limited by MCL 700.2801(2).

IT IS FURTHER ORDERED that the Court further finds that the Petitioner, Eric Lager, failed to rebut the legal presumption that his father intentionally destroyed his will, a copy of which was offered into evidence, and said copy is therefore not admitted.

IT IS FURTHER ORDERED that Eric J. Lager is awarded the General Motors PSP plan established by the decedent as the designated beneficiary of that plan, and Georgia A. Forbes shall turn over to Eric J. Lager the assets or proceeds of the PSP plan, and any interest or earnings thereon.

IT IS FURTHER ORDERED that Georgia A. Forbes is awarded the two Fifth Third Bank IRA accounts established by the decedent as the surviving spouse, the default beneficiary under the terms of those IRAs.

A claim of appeal from the decision was filed in the circuit court. The circuit court noted that there was a question regarding jurisdiction and remanded the case to the probate court for a determination regarding whether a final order had entered pursuant to MCR 2.602(A) or MCR 5.801(B) because a final order under the latter court rule would be appealed in this Court. The probate court concluded that the PSP was not included in the estate and, therefore, that a final order was entered "pursuant to MCR 2.602(A) and/or MCR 5.801(B)."

### III. JURISDICTION

Georgia's first claim on appeal is that the probate court lacked jurisdiction over the PSP. We disagree. Questions of statutory construction and subject-matter jurisdiction present questions of law and are reviewed de novo. *White v Harrison-White*, 280 Mich App 383, 387; 760 NW2d 691 (2008).

"In general, subject-matter jurisdiction has been defined as a court's power to hear and determine a cause or matter." *In re Petition by Wayne Co Treasurer for Foreclosure of Certain Lands*, 265 Mich App 285, 291; 698 NW2d 879 (2005). Probate courts are courts of limited jurisdiction. Const 1963, art 6, § 15. The jurisdiction of the probate court is set forth by statute. *In re Wirsing*, 456 Mich 467, 472; 573 NW2d 51 (1998). MCL 700.1302 provides, in relevant part:

> The court has exclusive legal and equitable jurisdiction of all of the following:
>
> (a) A matter that relates to the settlement of a deceased individual's estate, whether testate or intestate, who was at the time of death domiciled in the county or was at the time of death domiciled out of state leaving an estate within the county to be administered, including, but not limited to, all of the following proceedings:
>
> (i) The internal affairs of the estate.
>
> (ii) Estate administration, settlement, and distribution.
>
> (iii) Declaration of rights that involve an estate, devisee, heir, or fiduciary.
>
> (iv) Construction of a will.
>
> (v) Determination of heirs.
>
> (vi) Determination of death of an accident or disaster victim . . . .

In addition to this exclusive legal and equitable jurisdiction, MCL 700.1303 provides for concurrent legal and equitable jurisdiction and states, in relevant part:

> (1) In addition to the jurisdiction conferred by [MCL 700.1302] and other laws, the court has concurrent legal and equitable jurisdiction to do all of the following in regard to an estate of a decedent, protected individual, ward, or trust:
>
> (a) Determine a property right or interest.
>
> (b) Authorize partition of property.

Review of the probate court's ruling reveals that the petition filed by Eric requested more than a ruling regarding the PSP. Rather, the petition questioned the validity of Ernest's marriage to Georgia and requested probate of the estate, with Eric purportedly submitting a copy of Ernest's will. After a bench trial, the probate court ruled that Eric had failed to rebut the presumption that the will was intentionally destroyed and then distributed assets of the estate. The question of the validity of the will presented an issue for resolution by the probate court. See MCL 700.1302(a); *Scripps v Wayne Probate Judge*, 131 Mich 265, 268; 90 NW 1061 (1902). After ruling regarding the validity of the will, the probate court proceeded to determine the property rights in the assets of the estate. This also presented an issue within the jurisdiction of the probate court. To require the probate court to examine each individual item and partition the consideration of some items to the circuit court would not be an efficient use of resources for the court as well as the litigants. The probate court had subject-matter jurisdiction over the estate and its assets, including determining the assets that were not part of the estate, in light of the nature of the petition filed with the probate court.[2]

___

[2] Because we do not have the benefit of the probate court file, our conclusion regarding the subject matter pending before the probate court was determined in light of the probate court's ruling. The parties do not brief or acknowledge the other issues, such as the validity of the will and

We note also that the probate court had jurisdiction even though the PSP was subject to the provisions of ERISA. ERISA is a federal law intended to provide a uniform regulatory regime over employee benefit plans. *Aetna Health Inc v Davila*, 542 US 200, 208; 124 S Ct 2488; 159 L Ed 2d 312 (2004). ERISA is an exclusive remedy that preempts state law causes of action that relate to an employee benefit plan. *Id.* at 209. Consequently, federal courts generally have subject-matter jurisdiction over ERISA claims. *Yellow Freight Sys, Inc v Donnelly*, 494 US 820, 823 n 3; 110 S Ct 1566; 108 L Ed 2d 834 (1990), quoting 29 USC 1132(e)(1). However, the Legislature provided concurrent jurisdiction to state and federal courts for claims brought by a beneficiary to recover benefits due to him or her under the terms of the plan, to enforce the beneficiary's rights under the terms of the plan, or to clarify the beneficiary's rights to future benefits under the terms of the plan. *Id.*; 29 USC 1132(a)(1)(B). Because Eric sought to enforce rights as a designated beneficiary under the PSP, Michigan courts and federal courts had concurrent jurisdiction over his petition. Therefore, the probate court did not err under ERISA when it asserted jurisdiction.

IV. THE DISTRIBUTION

Georgia's second claim on appeal is that, under ERISA, Ernest needed her consent to uphold his election of Eric as the beneficiary of his PSP. Because Georgia never provided that consent, she argues that she is entitled to the PSP proceeds as a surviving spouse. We agree.

---

the disposition of the other assets that were submitted to the probate court for resolution. Rather, the briefs examine the jurisdiction of the probate court in light of the PSP alone.

ERISA requires that pension plans include qualified joint and survivor annuities to nonparticipating surviving spouses of deceased vested plan participants. *Boggs v Boggs*, 520 US 833, 843; 117 S Ct 1754; 138 L Ed 2d 45 (1997), citing 29 USC 1055. The purpose of these annuities "is to ensure a stream of income to surviving spouses." *Id*. The economic security of surviving spouses is the paramount concern that cannot be undermined by any other state law, and if a state law and the provisions and objectives of ERISA clash, the state law cannot stand. *Id*. at 843-844. ERISA was modified "to permit participants to designate a beneficiary for the survivor's annuity, other than the nonparticipant spouse, only when the spouse agrees." *Id*. at 843. The act allows plan participants to waive the benefits to surviving spouses by electing a beneficiary or form of benefits. *Shields v Reader's Digest Ass'n, Inc*, 331 F3d 536, 542 (CA 6, 2003). To effectuate this waiver, however, the participant must obtain spousal consent according to specific statutory requirements. *Id*. at 542-543. 29 USC 1055(c) provides:

(1) A plan meets the requirements of this section only if—

(A) under the plan, each participant—

(i) may elect at any time during the applicable election period to waive the qualified joint and survivor annuity form of benefit or the qualified preretirement survivor annuity form of benefit (or both),

(ii) if the participant elects a waiver under clause (i), may elect the qualified optional survivor annuity at any time during the applicable election period, and

(iii) may revoke any such election at any time during the applicable election period, and

(B) the plan meets the requirements of paragraphs (2), (3), and (4).

(2) Each plan shall provide that an election under paragraph (1)(A)(i) shall not take effect unless—

(A) (i) the spouse of the participant consents in writing to such election, (ii) such election designates a beneficiary (or a form of benefits) which may not be changed without spousal consent (or the consent of the spouse expressly permits designations by the participant without any requirement of further consent by the spouse), and (iii) the spouse's consent acknowledges the effect of such election and is witnessed by a plan representative or a notary public, or

(B) it is established to the satisfaction of a plan representative that the consent required under subparagraph (A) may not be obtained because there is no spouse, because the spouse cannot be located, or because of such other circumstances as the Secretary of the Treasury may by regulations prescribe.

Any consent by a spouse (or establishment that the consent of a spouse may not be obtained) under the preceding sentence shall be effective only with respect to such spouse.

The parties do not dispute that Ernest elected Eric as a beneficiary *before* the marriage or that Georgia did not consent to this election *following* the marriage. Thus, the key issue on appeal is whether an election by an unmarried participant is effective following the participant's subsequent marriage if the new spouse fails to consent to the election. The plain language of 29 USC 1055(c)(2) suggests that such an election is ineffective. Again, the last sentence of this section provides: "Any consent by a spouse (or establishment that the consent of a spouse may not be obtained) under the preceding sentence shall be effective only with respect to such spouse." 29 USC 1055(c)(2). This language contemplates the possibility of subsequent spouses and grants them the same rights with regard to consenting that were enjoyed at the time of the election.

This interpretation of the plain language of 29 USC 1055(c)(2) comports with the purpose of ERISA to protect surviving spouses. It also comports with authority in other jurisdictions. *Hurwitz v Sher*, 982 F2d 778, 782-783 (CA 2, 1992) (a son could not be a designated beneficiary absent the new spouse's consent according to the requirements in 29 USC 1055(c)); *Howard v Branham & Baker Coal Co*, unpublished opinion of the United States Court of Appeals for the Sixth Circuit, issued July 6, 1992 (Docket No. 91-5913) (the daughter could not be a designated beneficiary absent the surviving spouse's consent); *Arkansas Chapter, NECA-IBEW Retirement Fund v Chronister*, 337 F Supp 2d 1144, 1148 n 1 (ED Ark, 2004) (had the participant and the new spouse been married for one year according to the plan requirements, the former spouse likely could not have been a designated beneficiary absent the new spouse's consent); *Nellis v Boeing Co*, 15 Employee Benefits Cases (BNA) 1651 (D Kan, 1992) (the participant's children could not be designated beneficiaries absent the surviving spouse's consent).

In keeping with authority from other jurisdictions and the plain language and purpose of 29 USC 1055(c)(2), we conclude that an election by an unmarried participant is not effective following a subsequent marriage if the new spouse fails to consent to the election. In this case, Georgia did not provide consent to Ernest's election of Eric as beneficiary, as required by 29 USC 1055(c). Thus, the probate court erred when it determined that Eric was the proper beneficiary.

Because of our conclusions, this Court need not address Georgia's remaining arguments, which exceed the scope of the Supreme Court's remand order. *K & K Constr, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 544-545; 705 NW2d 365 (2005).

Reversed.