# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Estate of CATHERINE KLEIN.

| | |
|---|---|
| DEPARTMENT OF COMMUNITY HEALTH, | FOR PUBLICATION<br>July 19, 2016<br>9:05 a.m. |
| Appellant, | |
| v | No. 329715<br>Saginaw Probate Court |
| SHARON PUMFORD, Personal Representative of<br>the Estate of CATHERINE KLEIN, | LC No. 15-131545-DE |
| Appellee. | |

Before: OWENS, P.J., and BORRELLO and O'BRIEN, JJ.

O'BRIEN, J.

The Department of Community Health (DCH or the Department), which has merged with the Department of Human Services and is now known as the Department of Health and Human Services, see Executive Order No. 2015-4, appeals as of right the probate court's September 28, 2015 order denying its summary-disposition motion and granting summary disposition to the Estate of Catherine Klein (the estate). We reverse and remand for the entry of an order granting summary disposition in DCH's favor.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Catherine Klein passed away in December 2013. Prior to her death, Sharon Pumford, who was authorized to act on Klein's behalf, signed a Medicaid application that provided, in pertinent part, that she "ha[d] received and reviewed a copy of the Acknowledgements . . . ." The Acknowledgements provided, in pertinent part, as follows:

> I understand that upon my death the Michigan Department of Community Health has the legal right to seek recovery from my estate for services paid by Medicaid. MDCH will not make a claim against the estate while there is a legal surviving spouse or a legal surviving child who is under the age of 21, blind, or disabled living in the home. An estate consists of real and personal property. Estate Recovery only applies to certain Medicaid recipients who received Medicaid after the implementation date of the program. MDCH may agree not to

-1-

pursue recovery if an undue hardship exists. For further information regarding Estate Recovery call 1-877-791-0435.

At the time of her death, Klein's only asset was her home in Chesaning, Michigan, which was "valued at $45,521.77," according to Pumford. In March 2014, DCH filed a claim against the estate for $133,768.90, an amount reflective of the Medicaid benefits that were paid to Klein prior to her death. Pumford, as the personal representative of the estate, disallowed DCH's claim, asserting that Klein's home was exempt from the Medicaid claim based on its value. Thus, DCH filed the instant lawsuit in January 2015, seeking "a judgment allowing the Department's estate recovery claim in full" as well as an order requiring "payment according to the priority of the claims provision of MCL 700.3805." DCH subsequently moved for summary disposition pursuant to MCR 2.116(C)(4) and (10), arguing that it was entitled to estate recovery pursuant to MCL 400.112g. Specifically, DCH argued that, by signing the Medicaid application, Pumford acknowledged that the estate was subject to recovery as well as that, by failing to apply for a hardship waiver, the estate forfeited any right to such a waiver. Pumford responded to DCH's summary-disposition motion as well as filed her own summary-disposition motion on behalf of the estate. She argued that, pursuant to the plain language of MCL 400.112g(3)(e)(*i*) alone, the estate was entitled to a hardship waiver as a matter of law. Further, Pumford contended, any other requirements implemented by DCH "eviscerated the statutory exemption and ignored the language and intent of the statutory exemption." Thus, Pumford asserted, the estate was entitled to summary disposition pursuant to MCR 2.116(I)(2).

The probate court denied DCH's summary-disposition motion and granted summary disposition in the estate's favor. It explained as follows:

The Court is not in agreement that everyone has to apply for the hardship in every case.

* * *

The Court believes that MCL [4]00.112g(3), the Court finds that the statute mandates by the word shall, an exemption for the portion of the value of a Medicaid recipient's home shall be given, this is in the statute or, quote, estate plan. The Court finds it to be unambiguous.

The department of health and human services has not clarified this or ruled by the secretary of health and human services on this. In the Court's opinion this exemption applies as mandatory and shall be given that the disallowance of the claim is upheld.

The Court does find that there is this inconsistency between the statute and administrative law issues and pursuant to MCR 2.116, I believe it's [(I)(2)], the party opposing the motion for summary disposition has stated grounds that would allow them to have summary disposition granted in their place of claim, that summary disposition shall be granted and that's what Court is going to do.

The probate court entered a written order reflecting its decision on September 28, 2015, and DCH appealed that order.

-2-

## II. ANALYSIS

On appeal, DCH argues that it, not Pumford, was entitled to summary disposition because MCL 400.112g(3)(e)(*i*) does not create a hardship waiver. And, because Pumford did not apply for hardship waiver in this case, DCH contends, summary disposition in DCH's favor was appropriate. We agree.

### A. STANDARDS OF REVIEW

The application and interpretation of statutes, as well as the application and interpretation of administrative rules and regulations, present questions of law that are reviewed de novo. *United Parcel Serv, Inc v Buerau of Safety and Regulation*, 277 Mich App 192, 202; 745 NW2d 125 (2007). A statute's, rule's, or regulation's words and phrases must be applied and interpreted according to their plain and ordinary meanings. *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). A trial court's decision to grant summary disposition is also reviewed de novo. *Karaus v Bank of New York Mellon*, 300 Mich App 9, 16; 831 NW2d 897 (2012).

### B. HARDSHIP WAIVER UNDER MCL 400.112G(3)(E)(*I*)

At issue in this case is MCL 400.112g(3)(e)(*i*), which provides, in pertinent part, as follows:

> (3) The department of community health shall seek appropriate changes to the Michigan Medicaid state plan and shall apply for any necessary waivers and approvals from the federal centers for medicare and medicaid services to implement the Michigan medicaid estate recovery program. The department of community health shall seek approval from the federal centers for medicare and medicaid regarding all of the following:
>
> * * *
>
> (e) Under what circumstances the estates of medical assistance recipients will be exempt from the Michigan medicaid estate recovery program because of a hardship. At the time an individual enrolls in medicaid for long-term care services, the department of community health shall provide to the individual written materials explaining the process for applying for a waiver from estate recovery due to hardship. The department of community health shall develop a definition of hardship according to section 1917(b)(3) of title XIX that includes, but is not limited to, the following:
>
> (*i*) An exemption for the portion of the value of the medical assistance recipient's homestead that is equal to or less than 50% of the average price of a home in the county in which the medicaid recipient's homestead is located as of the date of the medical assistance recipient's death.
>
> * * *

The estate argues, and the probate court held, that DCH was statutorily required to grant plaintiff a home-of-modest-value hardship waiver under MCL 400.112g(3)(e)(*i*).  We disagree.

## C.  THE ESTATE'S FAILURE TO APPLY FOR A HARDSHIP WAIVER

To begin, as DCH correctly recognizes, this Court has previously held that summary disposition in DCH's favor is appropriate when an estate fails to apply for a hardship waiver.  *In re Clark*, unpublished opinion per curiam of the Court of Appeals, issued May 28, 2015 (Docket No. 320720), p 6.  It elaborated, stating that an estate's personal representative "cannot now attempt to avail himself [or herself] of the waiver's benefits without having followed the procedural rules necessary to claim the benefit.  Because we find it persuasive, we adopt *Clark*'s reasoning in this regard.  Here, Pumford, the personal representative of the estate, admittedly did not apply for a hardship waiver despite the fact that she was undisputedly informed that she was required to do so.  Thus, we hold that her failure to apply for a waiver, alone, is dispositive, and summary disposition in DCH's favor "was required by law[.]" *Id*.

## D.  THE APPLICATION AND INTERPRETATION OF MCL 400.112G(3)(E)(*I*)

Additionally, this Court has also previously held that, based on its plain and unambiguous language, "MCL 400.112g(3) merely instructs DCH to seek approval from the federal government on the topics enumerated in its subsections." *Clark*, unpub op at 7.  We find *Clark*'s interpretation of MCL 400.112g(3) persuasive and adopt it as our own.  That is, MCL 400.112g(3) is not, in and of itself, a statutory provision that "prohibits DCH from pursuing estate recovery against estates that include homes valued at 'equal to or less than 50% of the average price of a home in the country in which the Medicaid recipient's homestead is located as of the date of the medical assistance recipient's death.' " *Id*.  Here, like in *Clark*, "MCL 400.112g(3) merely instructs DCH to seek approval from the federal government on the topics enumerated in its subsections," including subsection (3)(e)(*i*), and DCH did precisely that with its current state plan and Bridges Administrative Manual 120.  See *In re Estate of Ketchum*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 324741); slip op at 4-6.  It does not, as Pumford contends and the probate court concluded, create a statutory entitlement to a hardship waiver.  As this Court has previously explained,

> If the Legislature had wanted to automatically prohibit DCH from pursuing estate recovery against estates that included homes valued at "equal to or less than 50% of the average price of a home in the county in which the Medicaid recipient's homestead is located as of the date of the medical assistance recipient's death," it would have prefaced such language with an explicit mandate, as in MCL 400.112g(2) and MCL 400.112g(8). [*Clark*, unpub op at 7 n 6.]

Thus, we hold that the estate is not statutorily entitled to a hardship waiver under MCL 400.112g(3)(e)(*i*).

The estate's arguments against this conclusion are without merit.  First, it argues that *Clark*, as an unpublished opinion, is nonbinding.  See MCR 7.215(J)(1).  While legally correct, that assertion fails to acknowledge *Clark*'s persuasiveness.  See *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145, n 3; 783 NW2d 133 (2010).  Furthermore, as mentioned

above, binding authority, i.e., *Ketchum,* compels an outcome consistent with that of *Clark.* Second, the estate argues that "there is no contention or evidence offered by the Department that it made any effort at all to even try to implement the 50% hardship exemption that the statute makes mandatory ("shall"). <u>Clark</u> did not provide the Department with authority to ignore the statutory mandate." As discussed above, however, DCH's current state plan and Bridges Administrative Manual 120 undermine that assertion. See *Ketchum,* ___ Mich App at ___; slip op at 4-6. Third, the estate contends that "the <u>Clark</u> Court did not consider, much less decide, the mandatory nature of MCL 400.112g(3)(e)(*i*)" or "the inability of the department to act contrary to the directives of authorizing legislation." But, again, this Court did address the mandatory nature of MCL 400.112g(3)(e)(*i*), *Clark,* unpub op at 6 (stating that MCL 400.112g(3)(e)(*i*) "is not a binding mandate that prohibits DCH from pursuing estate recovery . . . ."), and DCH has complied with the requirements of MCL 400.112g(3)(e)(*i*), see *Ketchum,* ___ Mich App at ___; slip op at 10-13. Lastly, to the extent the estate argues that DCH's definition of "undue hardship" is inconsistent with what is required by MCL 400.112g(3)(e)(*i*), that argument is belied by the statutory provision's own language. Specifically, contrary to the estate's assertions, MCL 400.112g(3)(e) includes "express language ('including, but not limited to') granting the DHHS discretion to include *other* requirements for the hardship exemption." *Id*.; slip op at 10 (emphasis in original).

## III. CONCLUSION

Accordingly, we conclude that the probate court erred in denying DCH's summary-disposition motion and in granting summary disposition in the estate's favor. We therefore reverse its September 28, 2015 order and remand for the entry of an order granting summary disposition in DCH's favor. In light of this conclusion, we need not address DCH's argument that the probate court lacked subject-matter jurisdiction over the hardship-eligibility determination.

Reversed and remanded. No taxable costs pursuant to MCR 7.219, a question of public policy involved.

/s/ Colleen A. O'Brien
/s/ Donald S. Owens
/s/ Stephen L. Borrello