# STATE OF MICHIGAN

# COURT OF APPEALS

---

ESTATE OF PATRICIA BACON, by CALVIN
BACON, Personal Representative,

       Plaintiff-Appellee,

v

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

       Defendant-Appellant.

UNPUBLISHED
June 1, 2017

No. 330260
Macomb Circuit Court
LC No. 2015-001926-CZ

---

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Defendant, the Department of Health and Human Services (the Department), appeals by leave granted[1] the Macomb Circuit Court's order reversing the denial by the Director of the Michigan Department of Community Health[2] of plaintiff, the Estate of Patricia Bacon's, request for a homestead hardship exemption under the Michigan Medicaid estate recovery program, MCL 400.112g. For the reasons stated in this opinion, we reverse.

## I. BASIC FACTS

"In 1965, Congress enacted Title XIX of the Social Security Act, commonly known as the Medicaid act. See 42 USC 1396 *et seq*. This statute created a cooperative program in which the federal government reimburses state governments for a portion of the costs to provide medical assistance to low-income individuals." *Mackey v Dep't of Human Servs*, 289 Mich App 688, 693; 808 NW2d 484 (2010). Subsequently, in 1993:

---

[1] *Estate of Patricia Bacon v Dep't of Health and Human Servs*, unpublished order of the Court of Appeals, entered May 26, 2016 (Docket No. 330260).

[2] "The Department of Community Health was merged with the Department of Human Services, and the combined agency is now known as the Department of Health and Human Services. Executive Order No. 2015-4." *Ketchum Estate v Dep't of Health and Human Servs*, 314 Mich App 485, 488 n 1; 887 NW2d 226 (2016).

Congress required states to implement Medicaid estate recovery programs. 42 USC 1396p(b). "The term 'estate recovery' refers to the provisions of federal law requiring states to attempt to recover payments made to healthcare providers on behalf of a Medicaid recipient from the recipient's estate after his or her death." Swanberg & Steward, *Medicaid Estate Recovery Update: What You Need to Know Now*, 93 Mich B J 28, 28 (May 2014). In 2007, the Michigan Legislature passed 2007 PA 74, which added MCL 400.112g though MCL 400.112k to Michigan's Social Welfare Act, MCL 400.1 *et seq*. This legislation empowered defendant to "establish and operate the Michigan medicaid estate recovery program to comply with" 42 USC 1396p. MCL 400.112g(1). MCL 400.112g(5) required approval by the federal government before the estate recovery program would be implemented. [*Ketchum Estate v Dep't of Health & Human Servs*, 314 Mich App 485, 488-489; 887 NW2d 226 (2016).]

MCL 400.112g(3) detailed what the Department was required to seek federal approval for with regard to the hardship exemption at issue in this case. It provides in relevant part:

(3) The department of community health shall seek appropriate changes to the Michigan medicaid state plan and shall apply for any necessary waivers and approvals from the federal centers for medicare and medicaid services to implement the Michigan medicaid estate recovery program. The department of community health shall seek approval from the federal centers for medicare and medicaid regarding all of the following:

* * *

(e) Under what circumstances the estates of medical assistance recipients will be exempt from the Michigan medicaid estate recovery program because of a hardship. At the time an individual enrolls in medicaid for long-term care services, the department of community health shall provide to the individual written materials explaining the process for applying for a waiver from estate recovery due to hardship. The department of community health shall develop a definition of hardship according to section 1917(b)(3) of title XIX that includes, but is not limited to, the following:

(*i*) An exemption for the portion of the value of the medical assistance recipient's homestead that is equal to or less than 50% of the average price of a home in the county in which the medicaid recipient's homestead is located as of the date of the medical assistance recipient's death.

(*ii*) An exemption for the portion of an estate that is the primary income-producing asset of survivors, including, but not limited to, a family farm or business.

(*iii*) A rebuttable presumption that no hardship exists if the hardship resulted from estate planning methods under which assets were diverted in order to avoid estate recovery. [MCL 400.112g(3)(e).]

The current state plan was approved by the federal government on September 19, 2012, with an effective date of April 1, 2012. See *Ketchum Estate*, 314 Mich App at 493 n 2.[3] The Department's policy implementing the hardship exemption for estate recovery is contained in the Bridges Administrative Manual 120 (BAM 120), which provides in relevant part:

> Recovery may be waived if a person inheriting property from the estate can prove that recovery would result in an undue hardship. An application for an undue hardship must be requested by the applicant and returned with proper documentation in order for a hardship waiver to be considered. In order to qualify for a hardship exemption, an applicant must file the application with the department not later than 60 days from the date the department sends the Notice of Intent to the personal representative or estate contact. An undue hardship exemption is granted to the applicant only and not the estate generally.
>
> * * *
>
> An undue hardship may exist when one or more of the following are true:
>
> * * *
>
> • The estate subject to recovery is a home of modest value, see definition in this item.
>
> * * *
>
> When considering whether to grant an undue hardship, the department shall apply a means test to all applicants to ensure that waivers are not granted in a way that is contrary to the intent of the estate recovery program under federal law.
>
> An applicant for an undue hardship waiver will satisfy the means test only if both of the following are true:
>
> • Total household income of the applicant is less than 200 percent of the poverty level.
>
> • Total household resources of the applicant do not exceed $10,000. [BAM 120, BPB 2017-008, April 1, 2017, p 11.]

Patricia Bacon was a Medicaid recipient who received long-term care Medicaid benefits during her life. After she died, the Department, using the estate recovery program, sought to recover certain amounts that it paid to the decedent for Medicaid long-term care benefits during her lifetime. Calvin Bacon, the decedent's son and her estate's personal representative, sought a

---

[3] The text of the current state plan is set forth in *Ketchum Estate*, 314 Mich App at 491-493.

hardship exemption. The Department, however, ultimately denied the exemption because Calvin Bacon failed to satisfy the means test contained in BAM 120. The estate requested an administrative hearing, but the parties stipulated that the matter would be submitted on the briefs in lieu of an evidentiary hearing. In a proposal for decision, the administrative law judge upheld the Department's denial of the hardship exemption. The estate did not take exceptions to the proposal for decision, and the Director of the Michigan Department of Community Health issued an order upholding the proposal for decision in all respects and denying the hardship exemption. The estate appealed to the Macomb Circuit Court, which as noted above, reversed the administrative decision and held that the hardship definition in the state plan and BAM 120 exceeded the scope of MCL 400.112g(3)(e) because the statute did not authorize the means test.

This appeal follows.

## II. INTERPRETATION OF MCL 400.212(G)(3)

### A. STANDARD OF REVIEW

The Department argues that the circuit court's interpretation of MCL 400.112g(3) is contrary to the statute's plain meaning and to binding precedent from this Court. "Issues of statutory interpretation are questions of law that this Court reviews de novo." *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 515; 821 NW2d 117 (2012). "When reviewing a lower court's review of agency action this Court must determine whether the lower court applied correct legal principles and whether its factual findings were clearly erroneous. A finding is clearly erroneous when, on review of the whole record, this Court is left with the definite and firm conviction that a mistake has been made." *Ketchum Estate v*, 314 Mich App at 498 (citations, quotation marks and brackets omitted). In addition, "[t]he circuit court's legal conclusions are reviewed de novo . . . ." *Mericka v Dep't of Community Health*, 283 Mich App 29, 36; 770 NW2d 24 (2009). We afford great deference "to the circuit court's review of the [administrative] agency's factual findings," but afford "substantially less deference" to the circuit court's determinations on matters of law. *Id*. (brackets in original).

### B. ANALYSIS

Resolution of the issue raised on appeal turns on the interpretation of MCL 400.112g(3)(e). The estate asserts that the plain language of MCL 400.112g(3)(e) requires that the estate of every Medicaid recipient is entitled to a hardship exemption "for the portion of the value of the medical assistance recipient's homestead that is equal to or less than 50% of the average price of a home in the county in which the medicaid recipient's homestead is located as of the date of the medical assistance recipient's death." The estate asserts that, by requiring a means test that looks at the applicant, i.e., a beneficiary, instead of the estate, and by exempting the home rather than a portion of the value of the home, the Department has essentially violated the statutory mandate to define hardship in accordance with the requirement in MCL 400.112g(3)(e)(*i*).

We, however, have already rejected the Estate's interpretation of MCL 400.112g(3)(e). In *Ketchum Estate*, 314 Mich App at 502-503, we held:

Subsection (3)(e) makes clear that any specifics contained in Subsections (3)(e)(*i*) through (*iii*) *are required* to be included in the state plan submitted for approval, but just as importantly, that subsection also specifies that the department is "not limited to" including just those provisions. In other words, . . . the Legislature clearly intended through the language in Subsection (3)(e) to require that any state plan submitted for federal approval contain the substantive requirements set forth in Subparagraphs (*i*) through (*iii*). But in that same subsection, the Legislature also provided express language ("includes, but not limited to, the following") granting the [the Department] discretion to include *other* requirements for the hardship exemption. And the [the Department] did just that, as there is no dispute that the state plan submitted and approved contained both the requirements set forth in Subsections (3)(e)(*i*) through (*iii*), as well as additional criteria. . . .

Moreover, we also held in *In re Klein Estate*, 316 Mich App 329, 335-336; ___ NW2d ___ (2016), that:

[T]his Court has previously held that, on the basis of its plain and unambiguous language, MCL 400.112g(3) merely instructs [the Department] to seek approval from the federal government on the topics enumerated in its subsections. . . . That is, MCL 400.112g(3) is not, in and of itself, a statutory provision that prohibits [the Department] from pursuing estate recovery against estates that include homes valued at equal to or less than 50% of the average price of a home in the county in which the medicaid recipient's homestead is located as of the date of the medical assistance recipient's death. In this case, . . . MCL 400.112g(3) merely instructs [the Department] to seek approval from the federal government on the topics enumerated in its subsections, including Subsection (3)(e)(*i*), and [the Department] did precisely that with its current state plan and Bridges Administrative Manual 120, which sets forth [the Department's] policies. It does not . . . create a statutory entitlement to a hardship waiver. [citations and quotation marks omitted.]

The *Klein* Court further concluded that: "[i]f the Legislature had wanted to automatically prohibit [the Department] from pursuing estate recovery against estates that included homes valued at "equal to or less than 50% of the average price of a home in the county in which the Medicaid recipient's homestead is located as of the date of the medical assistance recipient's death," it would have prefaced such language with an explicit mandate, as in MCL 400.112g(2) and MCL 400.112g(8)." *Id*. at 336. Finally, the *Klein* Court expressly stated that the Department "has complied with the requirements of MCL 400.112g(3)(e)(*i*)," and that the Department's definition of the term "undue hardship" is not inconsistent with MCL 400.112g(3)(e)(*i*) because "MCL 400.112g(3)(e) contains express language ('includes, but not limited to, the following') granting [the Department's] discretion to include *other* requirements for the hardship exemption." *Id*. at 337 (citations and quotation marks omitted). We are bound by and agree with the decisions in *Ketchum Estate* and *Klein*. See MCR 7.215(C)(2). Accordingly, we conclude that the circuit court erred in reversing the administrative decision upholding the denial of the hardship exemption in this case.

Reversed and remanded. No taxable costs pursuant to MCR 7.219, a question of public policy being involved. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Jane M. Beckering