# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* DOREEN M. SEKLAR, a Protected Person.

---

JOHN YUN, Conservator,

        Intervenor-Appellee,

and

WILLIAM D. SEKLAR and KIMBERLY C. KEYES,

        Intervenors,

v

JEFFREY HARTMAN,

        Intervenor-Appellant.

UNPUBLISHED
August 8, 2017

No. 330829
Oakland Probate Court
LC No. 2014-359279-CA

---

Before: O'CONNELL, P.J., and GLEICHER and BOONSTRA, JJ.

PER CURIAM.

This case involves the administration of protected person Doreen M. Seklar's estate. Doreen's brother, intervenor William Seklar, began the proceeding by filing a petition asking the Oakland County Probate Court to appoint a conservator for Doreen's estate. The probate court appointed intervenor-appellee John Yun to act as a conservator. Yun then filed a petition asking the probate court to: (1) set aside a trust, will, power of attorney, and patient advocate executed by Doreen under respondent-appellant Jeffrey Hartman's supervision, and (2) surcharge Hartman $190,369.89. The probate court entered an order that surcharged Hartman $190,369.89. Yun then moved for entry of judgment for Doreen against Hartman for the surcharge amount. The probate court entered judgment against Hartman, and Hartman appeals this judgment as of right. We affirm.

## I. FACTS

William stated that Doreen owned real property valued at approximately $176,780 and personal property valued at approximately $115,000. Doreen's neurologist, Dr. Jodi Ganley,

D.O., concluded that Doreen suffers from vascular dementia and required a guardian to make financial decisions.

William believed that as of January 2014, Doreen stopped seeing Dr. Ganley and stopped taking her prescribed medications. William believed that Hartman influenced these decisions.

Around this time, Hartman also became involved with Doreen's estate. Yun alleged that Hartman began assisting Doreen with her financial transactions and took Doreen to a law office on or about March 14, 2014, to prepare a new estate plan. A Revocable Trust Agreement, amended and restated March 14, 2014, named Hartman as Doreen's successor trustee.[1] A Durable Power of Attorney, dated March 14, 2014, named Hartman Doreen's Attorney-in-Fact. A Nomination of Conservator/Guardian, dated March 14, 2014, named Hartman as a conservator/guardian. The record contains a Last Will and Testament for Doreen dated March 14, 2014. In total, Yun alleged that these documents named Hartman as beneficiary, trustee, personal representative, power of attorney, and patient advocate.

Additionally, William alleged that Hartman depleted Doreen's estate by opening numerous lines of credit over a six month span in 2014. Similarly, Yun stated that Hartman improperly spent $37,364.25 of Doreen's funds and fraudulently opened accounts in Doreen's name that were not used for Doreen's benefit. Yun stated that the accounts, when added together, had a total balance of $153,364.25.

Further, an Offender Tracking Information Service (OTIS) search indicated that Hartman had two convictions. Hartman admitted having a prior felony money laundering conviction.

On September 29, 2014, William filed a petition in probate court alleging that Doreen needed protection and asking to be appointed conservator of her estate. The probate court held a hearing on the petition and found that Doreen was an incapacitated individual by reasons of "mental illness" and "mental deficiency," who "recently has been under the undue influence of a non-relative," and who was "impaired to the extent of lacking sufficient understanding or capacity to make or communicate informed decisions[.]" Accordingly, the probate court appointed Yun as Doreen's guardian and as conservator of all assets of Doreen's estate.

On July 10, 2015, Yun filed a petition in the probate court to (1) set aside the trust, will, power of attorney, and patient advocate form that Doreen executed under Hartman's supervision, averring that Hartman unduly influenced Doreen while acting as her fiduciary, and Doreen now wanted the documents set aside, and (2) surcharge Hartman $190,368.89, representing the total of the improperly spent $37,364.25 and $153,364.25 balance on the fraudulent accounts. A proof of service indicates that the petition was sent to Hartman by first-class mail.

The probate court scheduled a hearing on the petition and then adjourned the hearing until August 19, 2015. A proof of service indicates that the order of adjournment was sent to Hartman by first-class mail.

---

[1] The document named Michael Hartman as a second successor trustee.

Hartman did not appear at the August 19, 2015 hearing. At the hearing, the probate court asked if all of the interested parties had been notified. Yun, through counsel, responded, "Yes, Your Honor." Following the hearing, the probate court entered an order setting aside the March 14, 2014, "Trust, Will, Power of Attorney and Patient Advocate" and surcharged Hartman $190,369.89. A proof of service indicates that the order was sent to Hartman by first-class mail.

On September 23, 2015, Yun moved for a $190,369.89 judgment for Doreen against Hartman. A proof of service indicates that the motion and a notice of hearing were sent to Hartman by first-class mail.

Hartman objected to the entry of judgment. Significantly, Hartman argued that Yun, a fiduciary, was required to seek a surcharge as a civil action pursuant to MCR 5.101(C)(1). A civil action requires (1) the filing of a complaint and (2) service of a summons and complaint by (a) personal service or (b) *registered or certified* mail. These requirements would have provided Hartman due process. But neither requirement was met. Therefore, Hartman lacked proper notice of the August 19, 2015 hearing, and the probate court lacked jurisdiction to enter a money judgment against him.

Yun argued that the surcharge should be brought as a proceeding, because "it's how we've always done it," and a surcharge "is an action against a fiduciary who is under the jurisdiction of this Court," not "an action against a third party." Further, Yun argued that Hartman did not deny that he committed a breach of fiduciary duty when he had a power of attorney over Doreen, had access to Doreen's accounts and personal information, fraudulently opened accounts in her name, and gained personal financial benefit. Therefore, the probate court had the authority to enter a surcharge. Hartman was served with notice of the hearing on the petition to set aside documents and for a surcharge.

The probate court agreed with Yun, stating:

> I agree with counsel's argument; this is not an action against a third party. This is a proceeding. Probate court clearly has jurisdiction over proceedings with respect to fiduciaries. This is a surcharge action. And with respect to the constitutional concerns, the due process clause offers parties notice and an opportunity to appear. And I am satisfied that Mr. Hartman had that opportunity. He did receive notice by first class mail. There's no indication that it was returned or he didn't receive it. Further, as counsel's indicated, an order followed, and that was also served and never returned. He clearly had notice and opportunity to come into court and to object if there were—there was a basis for that. The petition clearly sets forth the request for relief, which is the surcharge, so I certainly believe that Mr. Hartman was well aware of what the proceeding was and could have come in and challenged had he chosen to do so.

Accordingly, the probate court entered judgment against Hartman. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo whether the probate court possessed subject-matter jurisdiction, *In re Lager Estate*, 286 Mich App 158, 162; 779 NW2d 310 (2009), whether the probate court

properly interpreted court rules, *Staff v Johnson*, 242 Mich App 521, 527; 619 NW2d 57 (2000), and whether a party received "sufficient notice to satisfy due process," *In re Baldwin Trust*, 274 Mich App 387, 396; 733 NW2d 419 (2007).

## III. JURISDICTION

Hartman argues that the probate court lacked jurisdiction over him. We disagree.

Subject-matter jurisdiction is " 'a court's power to hear and determine a cause or matter.' " *In re Lager Estate*, 286 Mich App at 162, quoting *In re Wayne Co Treasurer Petition*, 265 Mich App 285, 291; 698 NW2d 879 (2005). Probate courts have limited jurisdiction as set forth by statute. *Id*. The Estates and Protected Individuals Code (EPIC), MCL 700.1101, *et seq*., states that the probate court has exclusive legal and equitable jurisdiction over:

> (b) A proceeding that concerns the validity, internal affairs, or settlement of a trust; the administration, distribution, modification, reformation, or termination of a trust; or the declaration of rights that involve a trust, trustee, or trust beneficiary, including, but not limited to, proceedings to do all of the following:

> (*i*) Appoint or remove a trustee.

> * * *

> (*v*) Determine a question that arises in the administration or distribution of a trust, including a question of construction of a will or trust.

> (*vi*) Instruct a trustee and determine relative to a trustee the existence or nonexistence of an immunity, power, privilege, duty, or right.

> * * *

> (c) . . . a proceeding that concerns a guardianship, conservatorship, or protective proceeding.

> (d) A proceeding to require, hear, or settle the accounts of a fiduciary and to order, upon request of an interested person, instructions or directions to a fiduciary that concern an estate within the court's jurisdiction. [MCL 700.1302.]

Therefore, the probate court had jurisdiction to resolve Yun's petition to set aside a trust, will, power of attorney, and patient advocate executed by Doreen under respondent Hartman's supervision, and to settle Hartman's accounts.

Further, EPIC provides the probate court "concurrent legal and equitable jurisdiction to" "[h]ear and decide a claim by or against a fiduciary or trustee for the return of property" "in regard to an estate of a . . . protected individual." MCL 700.1303(1)(h). This includes jurisdiction over a petition to surcharge a fiduciary. See *In re Estate of Graves*, unpublished

opinion per curiam of the Court of Appeals, issued December 3, 2009 (Docket No. 286674), pp 3-4.[2]

The probate court concluded that Hartman was a fiduciary. Hartman abandoned any challenge to this conclusion. He simply referred to himself as an alleged fiduciary, without crafting any argument to challenge the trial court's conclusion. An appellant abandons an issue when he "merely announce[s] his position and leave[s] it to this Court to discover and rationalize the basis for his claims," or "give[s] only cursory treatment of an issue with little or no citation of supporting authority." *People v Matuszak*, 263 Mich App 42, 59; 687 NW2d 342 (2004) (internal quotations, alterations, and citations omitted).

Further, Hartman meets the definition of a fiduciary. First, the March 14, 2014, revocable trust named Hartman a successor trustee. EPIC lists a trustee as a type of fiduciary, MCL 700.1104(e), and defines a trustee a "successor trustee, whether or not appointed or confirmed by the court," MCL 700.1107(o). Second, the March 14, 2014, Durable Power of Attorney named Hartman Doreen's Attorney-in-Fact. EPIC defines a fiduciary as a nonexhaustive list of persons. MCL 700.1104(e). This Court has held that "a fiduciary relationship exist[s] between a principal and [an] attorney in fact 'by virtue of the grant of a general power of attorney.' " *In re Susser Estate*, 254 Mich App 232, 235; 657 NW2d 147 (2002), quoting *In re Conant Estate*, 130 Mich App 493, 498; 343 NW2d 593 (1983). Therefore, the probate court had jurisdiction over Yun's petition to surcharge Hartman.

## IV. TYPE OF ACTION: PROCEEDING OR CIVIL ACTION

Hartman then argues that the surcharge constituted a civil action as defined in MCR 5.101(C) and, therefore, the service requirements under MCR 2.105 governed. We disagree.

Chapter 5 of the Michigan Court Rules governing probate courts states that "[t]here are two forms of action, a 'proceeding' and a 'civil action.' " MCR 5.101(A). MCR 5.101(C) lists two types of actions that "must be" civil actions: (1) "[a]ny action against another filed by a fiduciary or trustee," and (2) "[a]ny action filed by a claimant after notice that the claim has been disallowed." Accordingly, all other actions can be proceedings.

The different types of actions require filing different documents and different manners of service. To begin a proceeding, a petitioner must file "an application or a petition." MCR 5.101(B). MCR 5.105(A) governs the manner of service. Significantly, a petitioner can serve an interested person at his or her "current address" by "ordinary first-class mail" "[u]nless another method of service is required by statute, court rule, or special order of a probate court." MCR 5.105(A)(2). To begin a civil action, a petitioner must file a complaint. MCR 5.101(C). MCR 2.105 describes the manner of service. Significantly, MCR 2.105 requires service of a complaint and summons and does not allow service on an individual by ordinary first-class mail.

---

[2] We find this non-binding opinion persuasive. See MCR 7.215(C)(1); *In re Estate of Klein*, 316 Mich App 329, 335; ___ NW2d ___ (2016).

We hold that a surcharge against a fiduciary need not be titled a civil action under MCR 5.101(C). The Institute of Continuing Legal Education (ICLE), cited by Yun on appeal, wrote in Michigan Probate Litigation: A Guide to Contested Matters (2013), § 8.36, p 341, that "[a]ctions brought against a fiduciary are considered proceedings." Further, it concluded that "although MCR 5.101(C)(1) provides that any 'action against another filed by a fiduciary' is a civil action and not a proceeding, actions filed by a successor fiduciary against a prior fiduciary should be treated as a proceeding." *Id*. This conclusion is consistent with our discussion of surcharge actions in multiple published opinions. See, e.g., *Steinway v Bolden*, 185 Mich App 234, 236; 460 NW2d 306 (1990) (noting that a "[p]laintiff filed a petition for surcharge of [a] fiduciary"); *In re Goldman Estate*, 236 Mich App 517, 518; 601 NW2d 126 (1999) (noting that "[p]etitioners filed a petition . . . to surcharge [a] respondent for breaching its fiduciary duties"); *In re Baldwin Trust*, 274 Mich App at 389, 397 (reviewing a denial of a petition to surcharge fiduciaries for an abuse of discretion). Therefore, we adopt ICLE's interpretation as our own. Thus, Yun correctly characterized his surcharge action as a proceeding, filed that action with a petition, and served Hartman by ordinary first-class mail.

Accordingly, Hartman's due process claim also fails. The Fourteenth Amendment of the United States Constitution and Article 1, § 17 of Michigan's 1963 Constitution prevent the government from depriving a person of property without due process of law. *In re Keyes Estate*, 310 Mich App 266, 274; 871 NW2d 388 (2015). Due process requires the government to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. (internal quotations and citations omitted). Here, proofs of service indicate that Hartman received the petition for surcharge, notice of the August 19, 2015 hearing on the petition, the motion to enter judgment for the surcharge amount, and a notice of a hearing on the motion. Therefore, Hartman received notice and an opportunity to present his objections.

We affirm.

/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra

-6-