CONNOISSESUR COMMUNICATION OF FLINT, LP v UNIVERSITY OF
MICHIGAN

Docket No. 203248. Submitted June 11, 1998, at Lansing. Decided July 24,
1998, at 9:10 A.M.

Connoisseur Communication of Flint, L.P., and David Barber brought
an action in the Genesee Circuit Court against the University of
Michigan, alleging a violation of the Freedom of Information Act
(FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, relating to the
defendant's refusal to provide the plaintiffs a copy of a student-
athlete automobile information sheet filled out by a student of the
defendant. The court, Judith A. Fullerton, J., granted summary dis-
position for the defendant, ruling that the document was exempt
from disclosure under subsection 13(1)(e) of the FOIA, MCL
15.243(1)(e); MSA 4.1801(13)(1)(e). The plaintiffs appealed.

The Court of Appeals *held*:

Subsection 13(1)(e) provides that a public body may exempt
from disclosure as a public record information whose release
would prevent the public body from complying with the Family
Educational Rights and Privacy Act (FERPA), 20 USC 1232g. Under
the FERPA, a postsecondary educational institution may not disclose
the education records of a student or any personally identifiable
information contained therein without the written consent of the
student. 20 USC 1232g(d). The document at issue in this case is an
education record, and it was not contended that the student pro-
vided written consent for the release of the record. The document
also does not consist of directory information and therefore does
not fit within the FERPA exception for directory information, 20 USC
1232(a)(5)(A).

Affirmed.

RECORDS — FREEDOM OF INFORMATION ACT — FAMILY EDUCATIONAL RIGHTS AND
PRIVACY ACT.

The education records of a student at a public, postsecondary educa-
tional institution or any personally identifiable information con-
tained therein are exempt from disclosure pursuant to the Freedom
of Information Act where the student has not given written consent
to disclosure and the records or information concern matters
beyond those defined by the Family Educational Rights and Privacy

Act as directory information (MCL 15.243[1][e]; MSA 4.1801[13][1][e]; 20 USC 1232g[a][5][A], [d]).

*Leyton & Kasle, P.L.C.* (by *David S. Leyton*), for the plaintiffs.

*Debra A. Kowich,* for the defendant.

Before: JANSEN, P.J., and MARKEY and O'CONNELL, JJ.

PER CURIAM. Plaintiffs appeal as of right from an order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8). We affirm.

Plaintiff David Barber, a reporter and talk show host for radio station WFDR-AM, which is owned by plaintiff Connoisseur Communication of Flint, L.P., requested documents in the files of defendant University of Michigan pursuant to the Michigan Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* Specifically, Barber requested all writings pertaining "to the possession and use by one Maurice Taylor, a student athlete and scholarship varsity basketball player at the said University, of a 1996 Ford Explorer Limited automobile recently involved in a roll over accident in Washtenaw County Michigan." Although defendant had in its files a Student-Athlete Automobile Information Sheet (information sheet) completed by Taylor, which included information concerning the vehicle in question, defendant refused to disclose the information sheet to Barber, citing two exemptions from disclosure under the FOIA, MCL 15.243(1)(a); MSA 4.1801(13)(1)(a) and MCL 15.243(1)(e); MSA 4.1801(13)(1)(e).

Plaintiffs subsequently filed a complaint alleging that defendant's failure to provide the information sheet violated the FOIA. Defendant moved for sum-

mary disposition pursuant to MCR 2.116(C)(8) and (10), asserting that the information sheet was exempt from disclosure under the FOIA. The trial court agreed and granted defendant's motion pursuant to MCR 2.116(C)(8), finding that, as a matter of law, the information sheet was exempt from disclosure under the FOIA, pursuant to MCL 15.243(1)(e); MSA 4.1801(13)(1)(e), because it falls within the definition of "education records" for purposes of the Family Educational Rights and Privacy Act (FERPA), 20 USC 1232g. Plaintiffs contend that the trial court erred in finding the information sheet exempt from disclosure under the FOIA and in granting summary disposition to defendant.

A trial court's determination of a motion for summary disposition is reviewed de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). MCR 2.116(C)(8) tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief can be granted. *Spiek, supra*, p 337. The motion for summary disposition must be granted if no factual development could justify the plaintiff's claim for relief. *Id.*

A policy of full disclosure underlies the FOIA. *Swickard v Wayne Co Medical Examiner*, 438 Mich 536, 543; 475 NW2d 304 (1991). All public records are subject to full disclosure under the FOIA unless the material is specifically exempted under § 13. *Id.* Because the FOIA is intended primarily as a full-disclosure statute, the exemptions are to be narrowly construed. *Id.* When a public body refuses to disclose a requested document under the FOIA, the public body bears the burden of proving that the refusal was justified. *Id.*

Plaintiffs argue that the information sheet contains "directory-type" information, which is not subject to the FERPA prohibition on disclosure. Furthermore, plaintiffs contend that release of the information would not be an invasion of privacy because the information in question made its way into the "public domain" through others channels and so is no longer private. Finally, plaintiffs argue, the FERPA allows for the release of educational records when those records are furnished in compliance with a judicial order.

Plaintiffs' arguments are unavailing in light of the clear and unambiguous provisions of MCL 15.243(1)(e); MSA 4.1801(13)(1)(e) exempting from disclosure under the FOIA any information, that, if released would put a public body out of compliance with the FERPA. Specifically, MCL 15.243(1)(1)(e); MSA 4.1801(13)(1)(e) provides:

> A public body may exempt from disclosure as a public record under this act:
> (e) Information the release of which would prevent the public body from complying with section 438 of subpart 2 of part C of the general education provisions act, title IV of Public Law 90-247, 20 U.S.C. 1232g, commonly referred to as the family educational rights and privacy act of 1974.

Under the FERPA, an educational institution may not disclose the education records or any personally identifiable information contained in the record other than directory information to any third parties without the written consent of the student's parents, 20 USC 1232g(b)(1), or the written consent of the student where the student attends an institution of postsecondary education, 20 USC 1232g(d). For purposes of the FERPA, education records are defined as the

records, files, documents, and other materials that contain information directly related to a student and are maintained by an educational agency or institution or by a person acting for such agency or institution. 20 USC 1232g(a)(4)(A).

Pursuant to the FERPA, the information sheet is an education record. As defendant notes, the information sheet completed by Taylor is directly related to a university student and is maintained by the university in its files. Further, no one contends that Taylor provided written consent for the release of the requested records. Additionally, the directory information exception, 20 USC 1232g(a)(5)(A),[1] does not apply because it is clear that the information sought by plaintiffs does not fit within the definition of directory information.

Further, there is no exception under the FOIA allowing for disclosure of documents falling within the purview of the FERPA when such disclosure would not constitute an invasion of privacy. Finally, the provision within the FERPA allowing for disclosure of education records pursuant to a judicial order is not applicable under the circumstances presented by this case. 20 USC 1232g(b)(2)(B). Therefore, the trial court properly granted summary disposition as a matter of law.

Because the document is exempt from disclosure pursuant to MCL 15.243(1)(e); MSA 4.1801(13)(1)(e)

---

[1] The FERPA defines directory information, which may be disclosed without the consent of the parents or the student, as the student's name, address, telephone listing, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous educational agency or institution attended by the student.

and the trial court's ruling was based on that subsection only, we need not review whether subsection 13(1)(a) is applicable as well.

Affirmed.