*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JANE DOE and JANE ROE,

        Plaintiffs-Appellants,

v

UNNAMED SCHOOL DISTRICT,

        Defendant-Appellee.

UNPUBLISHED
March 21, 2019

No. 340234
Oakland Circuit Court
LC No. 2017-160106-CZ

Before: GLEICHER, P.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

In this reverse Freedom of Information Act (FOIA), MCL 15.231 *et seq*., dispute, plaintiffs appeal the trial court's order conditionally dissolving its temporary restraining order and permitting defendant to release two redacted documents in response to a FOIA request. We affirm.

## I. BACKGROUND

Plaintiffs allege that they are the "legal decision makers" for a minor student (the Student) who attended an elementary school operated by defendant school district.[1] On or about February 28, 2017, nonparty Bethany Dannewitz submitted a FOIA request to defendant seeking "any and all information pertaining to [Jane Roe] and/or [Jane Doe]'s access or lack thereof to school district property, specifically ******** Elementary." Defendant identified two responsive documents—identical letters addressed to each plaintiff—but denied the FOIA request, citing MCL 15.243(2), which exempts from disclosure "information that, if released, would prevent the public body from complying with 20 USC 1232g, commonly referred to as the

---

[1] The Student purportedly resides with plaintiff Jane Roe and Jane Doe acts as a secondary advocate for the child when Roe is unavailable. Plaintiffs allege that the Student's parents are "in the picture," but "cognitively impaired." Plaintiffs refer to a power of attorney that was not produced throughout these proceedings, but do not claim to be the Student's legal guardians.

family educational rights and privacy act of 1974 [FERPA]." Dannewitz appealed the denial to defendant's board of education, and the board determined that redacted versions of the responsive documents should be disclosed. The redactions removed instances in which the Student's name was mentioned.

Plaintiffs initiated this action by filing an emergency motion for a temporary restraining order (TRO), order to show cause, and order for permanent injunctive relief. In pertinent part, plaintiffs alleged that defendant's planned disclosure of the responsive documents would violate FERPA, the Persons with Disabilities Civil Rights Act, MCL 37.1101 *et seq.*, the Americans with Disabilities Act, 42 USC 12101 *et seq.*, and § 504 of the Rehabilitation Act of 1973, 29 USC 794. Plaintiffs requested various relief, primarily a TRO enjoining release of the responsive documents and an order to show cause why disclosure should not be permanently enjoined. The trial court granted plaintiffs' motion and issued a TRO and show cause order as requested.

Following a hearing and *in camera* review of the responsive documents, the trial court dissolved the TRO, finding no basis to continue it. The trial court further ordered that, in addition to the Student's name, defendant should redact plaintiffs' names and addresses from the documents before releasing them to Dannewitz. However, the trial court stayed its order "to permit Plaintiffs, if they wish, to seek relief in the Court of Appeals." The trial court denied plaintiffs' subsequent motion for reconsideration, and this appeal followed.

## II. JURISDICTION

Plaintiffs filed their claim of appeal as an appeal of right pursuant to MCR 7.203(A)(1). Defendant contends that the trial court's order dissolving the TRO was not a final order and correctly observes that the time in which plaintiffs could have filed a timely application for leave to appeal under MCR 7.205 has long since expired. Nonetheless, defendant implies that it would prefer to have this Court issue a definitive ruling on the substantive merits of plaintiffs' claim of error.

MCR 7.203(A)(1) provides that this Court has jurisdiction over a final judgment or order entered by a circuit court. *Chen v Wayne State Univ*, 284 Mich App 172, 192; 771 NW2d 820 (2009). See also MCL 600.308(1) ("The court of appeals has jurisdiction on appeals from all final judgments and final orders from the circuit court, court of claims, and probate court, as those terms are defined by law and supreme court rule . . . ."). Relevant to this appeal, a final judgment or final order is "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order[.]" MCR 7.202(6)(a)(i).

As already noted, plaintiffs' initiated this action by filing an emergency motion, which the trial court opted to treat as a complaint. As a result of this procedural irregularity, the precise nature of plaintiffs' claim or claims is somewhat unclear. What can be discerned is that each of plaintiffs' arguments is presented for the purpose of preventing disclosure of the public records at issue. Thus, plaintiffs' various arguments can be characterized as alternative theories to support their reverse FOIA cause of action. See *Bradley v Saranac Community Sch Bd of Ed*, 455 Mich 285, 290; 565 NW2d 650 (1997) (describing a reverse FOIA action as seeking to

prevent disclosure of public records under FOIA), mod by *Mich Federation of Teachers & Sch Related Personnel v Univ of Mich*, 481 Mich 657, 660; 753 NW2d 28 (2008) (*Mich Federation*). Although the trial court did not explicitly rule on each of plaintiffs' theories, we infer from the court's conclusion that there was no basis to continue the TRO that it rejected each theory.[2] As such, despite the absence of final judgment or final order language mandated by MCR 2.602(A)(3), we construe the trial court's order as final judgment that disposed of all the parties' claims. Consequently, plaintiffs properly invoked this Court's jurisdiction by filing a timely claim of appeal pursuant to MCR 7.203(A)(1).[3]

## III. STANDARD OF REVIEW

"A trial court's decision to grant or deny injunctive relief is reviewed for an abuse of discretion," *Janet Travis, Inc v Preka Holdings, LLC*, 306 Mich App 266, 274; 856 NW2d 206 (2014), which "occurs when the trial court's decision is outside the range of reasonable and principled outcomes" or premised upon legal error, *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016). "The application and interpretation of statutes, as well as the application and interpretation of administrative rules and regulations, present questions of law that are reviewed de novo." *In re Estate of Klein*, 316 Mich App 329, 333; 891 NW2d 544 (2016). The rules of statutory construction are well settled:

> The foremost rule, and our primary task in construing a statute, is to discern and give effect to the intent of the Legislature. This task begins by examining the language of the statute itself. The words of a statute provide the most reliable evidence of its intent . . . . If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted. Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent.
>
> In interpreting the statute at issue, we consider both the plain meaning of the critical word or phrase as well as its placement and purpose in the statutory scheme. As far as possible, effect should be given to every phrase, clause, and word in the statute. [*Sun Valley Foods Co v Ward*, 460 Mich 230, 236-237; 596 NW2d 119 (1999) (quotation marks and citations omitted).]

---

[2] On appeal, plaintiffs only challenge the trial court's ruling with respect to the FOIA exemptions set forth in MCL 15.243(1)(a) (privacy) and (2) (FERPA). To the extent that plaintiffs raised alternative grounds for exemption flowing from other statutory rights, they have not presented those issues for appellate review.

[3] Even if we were to conclude that the trial court's order did not constitute a final judgment or order, in the interest of judicial efficiency we would exercise our discretion to treat plaintiffs' claim of appeal as a granted application for leave to appeal. *Detroit v Michigan*, 262 Mich App 542, 545-546; 686 NW2d 514 (2004).

"FOIA is intended primarily as a prodisclosure statute and the exemptions to disclosure are to be narrowly construed." *Swickard v Wayne Co Med Examiner*, 438 Mich 536, 544; 475 NW2d 304 (1991).

## IV.  ANALYSIS

### A.  FERPA EXEMPTION

Plaintiffs first argue that the trial court erred by dissolving the TRO and permitting disclosure of the redacted documents because the documents were protected by FERPA and, therefore, exempt from disclosure under FOIA.  We disagree.

In response to a FOIA request, "a public body must disclose all public records that are not specifically exempt under the act." *King v Mich State Police Dep't*, 303 Mich App 162, 176; 841 NW2d 914 (2013) (quotation marks and citation omitted).  For purposes of the FOIA, the statutory definition of the term "public body" includes school districts like the one involved here.  See MCL 15.232(h)(*iii*).  The responsive documents at issue in this case were prepared by defendant in the performance of an official function and, thus, were public records for purposes of FOIA.  MCL 15.232(i).  The dispositive question is whether the responsive documents fell within the scope of the FERPA exemption set forth in MCL 15.243(2).

"Congress enacted FERPA under its spending power to condition the receipt of federal funds on certain requirements relating to the access and disclosure of student educational records." *Gonzaga Univ v Doe*, 536 US 273, 278; 122 S Ct 2268; 153 L Ed 2d 309 (2002).  Subject to exceptions that are inapplicable to the matter at hand, FERPA provides that

> an educational institution may not disclose the education records or any personally identifiable information contained in the record other than directory information to any third parties without the written consent of the student's parents, 20 USC 1232g(b)(1), or the written consent of the student where the student attends an institution of postsecondary education, 20 USC 1232g(d). [*Connoisseur Communication of Flint v Univ of Mich*, 230 Mich App 732, 735; 584 NW2d 647 (1998).[4]]

---

[4] *Connoisseur Communication of Flint*, 230 Mich App at 733-734, involved a former, permissive FOIA exemption for records governed by FERPA.  See MCL 15.243(1)(e), as amended by 1996 PA 553.  Under the current version of MCL 15.243(2), "[a] public body *shall* exempt from disclosure information that, if released, would prevent the public body from complying with 20 USC 1232g . . . ."  (Emphasis added).  Thus, apart from directory information (which may disclosed under certain conditions), see *id*., the FERPA exemption now requires mandatory nondisclosure.  See *Atchison v Atchison*, 256 Mich App 531, 535; 664 NW2d 249 (2003) ("Under the plain-meaning rule, courts must give the ordinary and accepted meaning to the mandatory word 'shall' and the permissive word 'may' unless to do so would frustrate the legislative intent as evidenced by other statutory language or by reading the statute as a whole.").

Consistent with the requirements of FERPA, FOIA includes the following mandatory exemption: "A public body shall exempt from disclosure information that, if released, would prevent the public body from complying with 20 USC 1232g, commonly referred to as the [FERPA]." MCL 15.243(2).

Plaintiffs argue at length that FERPA prohibits disclosure of the responsive documents because they contain "personally identifiable information," as that term is defined by 34 CFR 99.3 (2018).[5] Plaintiffs' position puts the cart before the horse by failing to recognize that FERPA protects against the release of education records "or personally identifiable information *contained therein*." 20 USC 1232g(b)(1) (emphasis added). In other words, pursuant to the plain and unambiguous meaning of the statutory language, the personally identifiable information must be contained in an education record before it is protected under FERPA.

FERPA defines education records as "those records, files, documents, and other materials which—(i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 USC 1232g(a)(4)(A). Having reviewed the responsive documents, both in their complete and redacted forms, we cannot agree with plaintiffs' assumption that the documents constitute education records because they do not "contain information *directly* related to a student." *Id*. (emphasis added). Instead, the documents are letters directed to plaintiffs concerning their access to the elementary school attended by the Student with defendant's explanation regarding the same. The letters refer to the Student by first name, but only in the context of establishing parameters for plaintiffs' presence on the elementary school property. Plaintiffs are clearly the subject of the

---

[5] For purposes of the United States Department of Education's enforcement of the FERPA, federal regulations define "personally identifiable information" rather broadly:

> The term includes, but is not limited to—
>
> (a) The student's name;
>
> (b) The name of the student's parent or other family members;
>
> (c) The address of the student or student's family;
>
> (d) A personal identifier, such as the student's social security number, student number, or biometric record;
>
> (e) Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;
>
> (f) Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or
>
> (g) Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates. [34 CFR 99.3 (2018).]

documents, which relate to the Student only in an indirect or incidental manner. Accordingly, because the responsive documents do not consist of education records, the FERPA exemption does not preclude their disclosure under FOIA. Therefore, to the extent that the trial court determined that the FERPA exemption did not present a basis for continuing the TRO or granting permanent injunctive relief, it did not err in doing so.

Furthermore, we are highly skeptical of plaintiffs' standing to assert this exemption under the circumstances at hand. "To have standing, a party must have a legally protected interest that is in jeopardy of being adversely affected." *Barclae v Zarb*, 300 Mich App 455, 483; 834 NW2d 100 (2013). That interest must belong to the plaintiff; the plaintiff's claim to relief cannot rest on the legal rights or interests of a third-party. *Id*. In their emergency motion for a TRO, plaintiffs refer to their "stake in the action" as "the preservation of their privacy rights and the privacy rights of the [S]tudent . . . ." Thus, plaintiffs' entitlement to relief rests, at least in part, on an assertion of a third-party's rights. We recognize that defendant has accepted plaintiffs' role as one of an advocate for the Student and that plaintiffs have purportedly secured a power of attorney from the Student's parents, but it does not follow that plaintiffs are free to assert the Student's rights on her behalf in a court of law. In any event, because the parties' did not raise or brief the issue of standing, we need not resolve our concern as to plaintiffs' standing. *Detroit City Council v Mayor of Detroit*, 449 Mich 670, 678 n 10; 537 NW2d 177 (1995).

## B. PRIVACY EXEMPTION

Plaintiffs also argue that the documents were exempt from disclosure under FOIA's privacy exemption, MCL 15.243(1)(a). We disagree.

In order to qualify for exemption under this provision, the record must involve information "of a personal nature" which, if disclosed, would be a "clearly unwarranted invasion of privacy." *Mich Federation*, 481 Mich at 671 (quotation marks omitted). With respect to the first prong, information is of a personal nature if it reveals "embarrassing, intimate, private, or confidential details" about an individual. *Id*. at 676. To determine if a disclosure would result in a clearly unwarranted invasion of privacy under the second prong of the privacy exemption, Michigan courts employ the core purpose test. *Id*. at 672-673. Under the core purpose test, the court balances the public interest in disclosure against the interest the Legislature intended to protect by way of the exemption. *Id*. at 673. "[T]he only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government." *Id*. (quotation marks and citation omitted). "Requests for information on private citizens accumulated in government files that reveal little to nothing about the inner working of government will fail this balancing test." *ESPN, Inc v Mich State Univ*, 311 Mich App 662, 669; 876 NW2d 593 (2015).

According to plaintiffs, the subject documents contain information of a personal nature because they include "false [and] egregious" accusations, as well as "unsubstantiated threats." Assuming, without deciding, that the documents do indeed reveal embarrassing, intimate, private, or confidential details regarding plaintiffs' lives, we conclude that the privacy exemption is inapplicable because disclosure of the documents does not constitute a clearly unwarranted invasion of privacy under the core purpose test. "In all but a limited number of circumstances,

the public's interest in governmental accountability prevails over an individual's, or a group of individuals', expectation of privacy." *Bitterman v Village of Oakley*, 309 Mich App 53, 64; 868 NW2d 642 (2015) (quotation marks and citation omitted). Here, disclosure of the responsive documents serves the core purpose of FOIA by facilitating public understanding of defendant school district's operations and policies, particularly with respect to the security and public accessibility of school property. Consequently, even if disclosure of the documents reveals information of a personal nature, the disclosure is not clearly unwarranted. Compare *ESPN, Inc*, 311 Mich App at 669-670 (finding that identity of university athletes identified as suspects in incident reports was not exemptible because information concerned university police operations and allowed FOIA requester to assess whether university treated athletes differently than general student population) with *Mich Federation*, 481 Mich at 682 (reasoning that disclosure of university employees' home addresses and telephone numbers would reveal little or nothing about government operations) and *Mager v Dep't of State Police*, 460 Mich 134, 135, 144-146; 595 NW2d 142 (1999) (finding that disclosure of individuals who owned registered handguns was "entirely unrelated to any inquiry regarding the inner workings of government, or how well the Department of State Police is fulfilling its statutory functions").

## C. REDACTIONS

Although the parties did not specifically challenge the trial court's determination that defendant should redact plaintiffs' names and addresses and the Student's name from the documents, we agree with the trial court's decision concerning the redactions. When a document must be disclosed under FOIA but contains information that falls within a discretionary exemption, redaction is appropriate. *Bradley*, 455 Mich at 304. Thus, in *Bradley*, the Michigan Supreme Court determined that "the names of the individual students and other persons not employed by the public body" should be redacted before the personnel records of various public servants were released. *Id*. at 304-305. The same holds true in this case, as the identities of the parties involved in the documents do little to further the public understanding of defendant's operations and activities.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Anica Letica